**James A. GAINEY and J. L. Young**

v.

**BROTHERHOOD OF RAILWAY AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES**

and

**Pennsylvania Railroad Company.**

**Civ. A. No. 28185.**

United States District Court
E. D. Pennsylvania.

Dec. 1, 1961.

Meehan, Neil & Richette, by Lawrence Jarvis Richette, Philadelphia, Pa., for plaintiffs.

478

Saul, Ewing, Remick & Saul, by Allen S. Olmsted, Philadelphia, Pa., for Brotherhood of Ry. and S.S. Clerks, etc.

Robert M. Landis, Philadelphia, Pa., for Pennsylvania R. Co.

WOOD, District Judge.

This litigation, extending over a period of two years, based on claims which materialized approximately eleven years ago, has this chronological background:

The plaintiffs brought an action (Civil Action No. 26133) against these defendants on March 26, 1959. That action was dismissed by Judge John W. Lord, Jr., D.C., 177 F.Supp. 421 (1959). The judgment was affirmed by a unanimous Court of Appeals, 3 Cir.; 275 F.2d 342 (1960). Certiorari was denied by the United States Supreme Court, 363 U.S. 811, 80 S.Ct. 1248, 4 L.Ed.2d 1153 (1960). On June 17, 1960, plaintiffs filed another complaint which was also dismissed by our late colleague Judge Egan on December 14, 1960. (See opinion filed on that date in Civil Action No. 28185 "Sur Motions to Dismiss the Complaint and for Summary Judgment" in which Judge Egan, inter alia, "dismissed the action as to both defendants.") Thereafter, on December 21, 1960, the first three motions above-mentioned were filed and on May 12, 1961, motion No. 4 was filed. Judge Egan heard argument in June, 1961. Due to his untimely death, as aforesaid, no decision was rendered by him and on September 15, 1961, the case was reassigned to us for disposal. Argument was heard on November 6, 1961.

All of the law applicable to this case can be found in the above-cited decisions. Nothing whatever would be gained by a further recitation or amplification of it as set forth in the able opinions of our two colleagues and the United States Court of Appeals for the Third Circuit, with the resulting denial of certiorari.

However, in the interests of justice we have carefully examined in minute detail the second complaint. Insofar as it is concerned, we agree entirely with the decision of Judge Egan rendered December 12, 1960. The motion to amend and the motion to retain jurisdiction are wholly contradictory and serve no useful purpose whatever. What plaintiffs apparently want is to have this Court compel the Union to continue negotiations, which is something the law does not permit us to do.

Order

And now, to wit, this 1st day of December, 1961, it is hereby ordered:

1. The motion to reargue is denied and the order of Judge Egan, entered December 14, 1960, is adopted and reaffirmed in toto;

2. The motion to vacate the judgment of dismissal is denied;

3. The motion for leave to amend the complaint is denied; and

4. The "alternative" motion to retain jurisdiction is denied.