James A. GAINEY and J. L. Young, individually and on behalf of others similarly affected,

v.

The BROTHERHOOD OF RAILWAY AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES

and

The Pennsylvania Railroad Company.

Civ. A. No. 32898.

United States District Court
E. D. Pennsylvania.

Oct. 30, 1963.

See, also, 3 Cir., 313 F.2d 318.

Lawrence J. Richette, Philadelphia, Pa., for plaintiffs.

Allen S. Olmsted, 2nd, of Saul, Ewing, Remick & Saul, Philadelphia, Pa., for defendant Brotherhood.

Robert M. Landis, of Dechert, Price & Rhoads, Philadelphia, Pa., for defendant Railroad.

FREEDMAN, District Judge.

The defendants have moved for a stay of further proceedings until plaintiffs pay the costs in two previous actions. The defendant Brotherhood in addition seeks security for costs in the present action and a stay until such security is given.

The total costs taxed in the first two actions against the plaintiffs and in favor of the defendant Brotherhood is $889.65 and in favor of the Railroad is $862.20. Each defendant collected $125 on an appeal bond filed in the second case, so that net costs outstanding in favor of the Brotherhood is $764.65 and in favor of the Railroad is $737.20.

I

The first action, begun in March 1959, was a class action on behalf of 600 "talleymen" to recover from the Railroad about $1,750,000. back wages, and from the Brotherhood the same amount as punitive damages together with a refund of dues. The action was dismissed by Judge Lord, Jr., for failure to exhaust administrative remedies existing within the Union and provided by the collective bargaining agreement, and because the claims were subject to the exclusive jurisdiction of the National Railroad Adjustment Board. Gainey v. Brotherhood of Ry. and S. S. Clerks, 177 F.Supp. 421 (E.D.Pa.1959). The dismissal was affirmed by the Court of Appeals, 275 F.2d 342 (3d Cir. 1960), and the Supreme Court denied certiorari, 363 U.S. 811, 80 S.Ct. 1248, 4 L.Ed.2d 1153. The second action, brought in June 1960, was dismissed by the late Judge Egan on the ground that the dismissal of the prior action was res judicata; reargument was denied by Judge Wood. Gainey v. Brotherhood of Ry. and S. S. Clerks, 199 F. Supp. 477 (E.D.Pa.1961). The Court of Appeals affirmed, 313 F.2d 318 (3d Cir. 1963), on the ground of res judicata as to the Railroad, and failure to plead as against the Brotherhood facts showing "hostile discrimination" under the doctrine of Steele v. Louisville & N. R., 323

U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944).

The present suit concededly arises from the same basic facts as the two prior suits, although plaintiffs contend that it is for a different cause of action. In their present complaint they have added allegations of "conspiratorial means", "irrelevant discrimination", and "hostility displayed by the defendants against the plaintiffs", which they claim follows the way that has been pointed out for them in the last holding of the Court of Appeals.

## II

The practice of staying a suit pending payment of prior costs was first confined to actions of ejectment, but ultimately came into general application.[1] The staying of suits pending the payment of costs incurred in prior actions involving the same parties and the same or a similar subject matter is now universal.[2] It was well established in England by the late 19th Century.[3] The general practice found early recognition and approval in Pennsylvania.[4]

All the authorities recognize that the application of the rule in specific cases is to be determined by the exercise of judicial discretion.[5] The only precedent in the Court of Appeals for this Circuit, however, speaks of the rule, at least on a continuation of the same case after return of the mandate of the appellate court fixing costs, as a mandate which is compulsory and not subject to the exercise of the trial court's discretion. Bankers Securities Corp. v. Ritz Carlton Restaurant & Hotel Co., 99 F.2d 51, 52 (3d Cir. 1938). In that case certain creditors objected to the filing of a debtor's petition for reorganization on the ground that the costs on appeal in a prior reorganization proceeding had not been paid. The district court, 24 F.Supp. 78, had held that, rather than delay consideration of the new petition, payment of prior costs could be disposed of in the reorganization proceedings themselves. In reversing, Judge Buffington said: " * * [W]hen an appellate court orders the costs in a former suit paid, the payment is then, it seems to us, not a matter within the discretion of the trial court. Our mandate in the case at bar directed that the appellants recover against the appellee $341.60 'for their costs herein expended and have execution therefor'. That meant that if they were not paid as and when costs are usually paid, execution might issue therefor. It did not mean that another suit between the same parties on the same cause of action might be started and costs in the first suit might be paid by some one at some time at or after the conclusion of the second suit. It was not within the discretion of the District Judge thus in effect to set aside the mandate of this court in this regard. The direction of the Circuit Court of Appeals took the case out of the discretion of the District Court and made the payment compulsory." (Emphasis supplied)

1. 2 Sellon, Practice of Courts of King's Bench & Com. Pleas (1813), p. 450.

2. 20 C.J.S. Costs § 426.

3. See 30 Halsbury, Laws of England (3d ed. 1959), 408 & n. (i); Randle v. Payne, 23 Ch.D. 288 (1883); Martin v. Earl Beauchamp, 25 Ch.D. 12 (1883); M'Cabe v. Bank of Ireland, 14 App.Cas. 413, 415–16 (1889).

4. Flemming v. Pennsylvania Ins. Co., 4 Pa. 475, 477 (1846): "The practice of the courts, in this respect, is wholesome and beneficial, and often operates as a penalty by which individuals are protected from being harassed by a multiplicity of suits for the same cause of action."; Altman v. Altman, 12 Pa. 246 (1849); Smith v. Smith, 15 Pa.Super. 366, 370 (1900); Murphy v. Taylor, 63 Pa.Super. 85, 87 (1916): "The rule has its foundation in the control which courts have over their proceedings and the duty they have to prevent them from being made means of oppression."

5. 20 C.J.S. Costs § 426, pp. 667–68. See also Withers v. Haines, 2 Pa. 435 (1846), where it was held that the refusal to stay proceedings until payment of costs of a former suit was not the subject of a writ of error; Smith v. Smith, 15 Pa. Super. 366, 370 (1900).

On the other hand, the Supreme Court in Henderson v. Griffin, 5 Pet. 151, 158–159, 30 U.S. 151, 158–159, 8 L.Ed. 79 (1831), has described the practice as calling for "the exercise of sound discretion".

I believe the decision in the Bankers Securities Corp. case was not intended to require the stay of future proceedings in all subsequent suits until payment of costs previously incurred, regardless of the circumstances. Such a far-reaching principle is not lightly to be inferred, and I therefore read the decision as meaning only that in the circumstances of that case the Court of Appeals intended that payment of the costs be made before any further proceedings were had in the District Court. I therefore must consider the circumstances here present in determining whether a stay is appropriate.

When all is said and done, each case must be decided on its individual circumstances. These include the relative situation of the parties, the history and content of the prior litigation in which the costs were incurred, and the current litigation before the court. It is a situation which peculiarly calls for the exercise of judicial discretion.

■ Plaintiffs argue that a stay will in effect amount to a dismissal of their action, apparently because they will be unable to pay the costs already incurred. They rely heavily on Golden v. New York, N. H. & H. R., 222 F. 348 (S.D.N.Y. 1915), where Judge Learned Hand denied the defendant's motion for a stay if plaintiff took an oath in forma pauperis and stipulated that, in the event of success, defendant could credit the judgment for costs against its recovery. It seems to me that permission for defendants to have their costs paid out of any recovery by the plaintiffs in the pending action would be a needless gesture. It would add nothing to the defendants' rights if they should lose, for they do not need an order of a court to set off their judgment for costs in the prior actions against any judgment against them in the pending action. It would give them no help in the circumstance where they need it, i. e., if they should succeed in having plaintiffs' claim dismissed. Moreover, there is nothing in the record to indicate that the plaintiffs in this case could meet the requirement laid down by Judge Hand that plaintiffs be "wholly destitute" and take an oath in forma pauperis. Indeed, this is a class action in which plaintiffs claim on behalf of 600 persons similarly situated. Certainly in these circumstances there is no foundation for any factual finding of poverty or inability to pay the costs previously incurred.

In the Second Circuit, where Judge Learned Hand decided Golden v. New York, N. H. & H. R. while a district judge, it was later said by Judge Augustus N. Hand, speaking for the Court of Appeals, in an opinion joined in by Judge Learned Hand: "[It is a] well settled practice whereby a second action cannot be maintained for substantially the same relief asked for in a prior action until the costs of the first action have been paid. [citing a long line of New York cases] This practice was designed to prevent oppressive and vexatious litigation and also to enable a party who has recovered costs to obtain payment before being subjected to further litigation relating to the same subject-matter. * * *

"It may be argued that the defendant should not be allowed to deprive the plaintiff of his day in court because the latter has been unable, for financial reasons, to go on with his action by paying the costs. If such an argument should prevail the defendant here would * * * have to forego its costs and submit to the additional expense of further litigation in a case where * * * the former appeal indicated no chance of plaintiff's success. * * * We think that if the plaintiff wishes to prosecute his action he must pay his costs * * *." Weidenfeld v. Pacific Improvement Co., 101 F.2d 699, 700 (2d Cir. 1939).

It is said that F.R.Civ.P. 41 (d), empowering the district courts to stay proceedings pending payment of costs where there has been a *voluntary* dismissal, expresses a policy which would deny the power of the court to grant a stay in cases of *involuntary* dismissal. Resort to the doctrine *expressio unius est exclusio alterius* is, at best, an uncertain guide to interpretation (see Durnin v. Allentown Federal Savings & Loan Ass'n, 218 F.Supp. 716, 719–720 (E.D.Pa. 1963)), and here would lead only to an artificial triumph over common sense. For surely if a court may grant a stay pending payment of costs incurred in a suit which plaintiff had voluntarily dismissed, *a fortiori* it may grant a stay where the dismissal was involuntary. In any event, I do not believe that the draftsmen of the rules intended to obliterate the longstanding doctrine in its application to cases of involuntary dismissal.

On a consideration of all the circumstances I believe it is in the interest of justice to require the plaintiffs to pay the costs incurred in the two previous actions as a condition to the prosecution of the present suit.

### III

The Brotherhood alone seeks the entry of security for costs in the present action pursuant to Local Rule 35(a).

Local Rule 35(a) provides: "In every action in which the plaintiff was not a resident of the Eastern District of Pennsylvania at the time suit was brought, or, having been so afterwards removed from this District, an order for security for costs may be entered, upon application therefor within a reasonable time and upon notice. In default of the entry of such security at the time fixed by the Court, judgment of dismissal shall be entered on motion."

Applications for security for costs generally are based on some provision of a statute or rule of court, although broad assertions of a general discretionary power to require security are frequently made.[6] Non-residence of the plaintiff is, however, the customary basis for exacting security for costs, and the present application is made pursuant to the Local Rule which is limited to such cases. The element of non-residence of the plaintiff is what ordinarily makes security for costs of significance to a defendant, for if the defendant succeeds in the action he would ordinarily have no means of satisfying the judgment for costs in his favor. This element was even more significant in former times, when the practice of granting security for costs originated, for if the plaintiff was absent the defendant could not invoke the drastic remedy of imprisonment of the plaintiff for debt and keep him incarcerated until the debt was paid.[7] This vital element of non-residence, on which the Brotherhood has founded its application, is lacking here. One of the plaintiffs is a resident. The application therefore must fall. The addition of a non-resident plaintiff does not justify the requirement of security for costs where there is a plaintiff who is a resident and therefore amenable to execution on the judgment for costs. So it is generally held in this country[8] and in England.[9]

---

6. See, e. g., 6 Moore Fed.Prac. § 54.73; 3 Barron & Holtzoff, Federal Practice and Procedure § 1198; 20 C.J.S. Costs § 125; McClure v. Borne Chemical Co., 292 F.2d 824, 835 (3d Cir., 1961) (dictum). See also 1 Holdsworth, History of Eng.Law (3d ed. 1922) 403; Andrews v. Barnes, 39 Ch.D. 138–41 (1888).

7. See 24 Campbell, Eng.Ruling Cases, p. 30 (London, 1901). See generally Freedman, "Imprisonment for Debt", 2 Temple L.Q. 330 (1928).

8. 20 C.J.S. Costs § 128; Peltz v. Carolina Bagging Co., 1 F.R.D. 779 (S.D.N.Y. 1941).

9. See, e. g., Cowell v. Taylor, 31 Ch.D. 34, 37–39 (1885); McConnell & Varlett v. Johnston, 102 E.R. 167 (1801); Winthorp v. Royal Exchange Assur. Co., 21 E.R. 277 (1755).

I shall therefore deny the Brotherhood's motion for security for costs.

## ORDER

AND NOW, October 30, 1963, the motion of the defendants is granted and all proceedings in this action against The Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees, are stayed until the payment by plaintiffs to the Brotherhood of the costs already incurred, amounting after credit to $764.65; and all proceedings against The Pennsylvania Railroad Company are stayed until the payment by plaintiffs to the Railroad of the costs already incurred, amounting after credit to $737.20.

The motion of The Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees, defendant, for security for costs is denied.