John H. **BELLAMY**, Jr. and Grace Bellamy, Plaintiffs,

v.

Elgin W. **JONES**; Kelsey Hayes Company; Coachman Industries, Inc.; Coachman Home Corporation; and Transit Homes, Inc., Defendants.

No. H–C–84–141.

United States District Court,
E.D. Arkansas, E.D.

Jan. 2, 1985.

Robert J. Donovan, Daggett, Van Dover, Donovan & Cahoon, Marianna, Ark., for plaintiff, John H. Bellamy, Jr.

Kent J. Rubens, West Memphis, Ark., Rubens & Rubens, for plaintiff Grace Bellamy.

Donald H. Bacon, Friday, Eldredge & Clark, Little Rock, Ark., for Kelsey-Hayes Co.

Alvin Laser, Laser, Sharp & Mayes, Little Rock, Ark., for Coachman Industries, Inc. and Coachman Homes Corp.

Elton A. Rieves, III, Rieves & Mayton, West Memphis, Ark., for Transit Homes, Inc. and Elgin W. Jones.

## ORDER

HENRY WOODS, District Judge.

This case comes before the Court on motion to stay proceedings pursuant to Fed.R.Civ.P. 41(d) filed by defendants Jones and Transit Homes, Inc. The operative facts for purposes of this motion are as follows: plaintiffs sued and recovered judgment on their cause of action in December, 1982, in the Circuit Court of Lee County, Arkansas. That judgment was appealed and reversed, with costs to the defendants. Upon remand to the Circuit Court of Lee County, and change of venue to the Circuit Court of St. Francis County, Arkansas, the parties were actively preparing this case for a second trial to be held in January, 1985.

On September 18, 1984, plaintiffs filed suit on the same cause of action in this court. On October 5, 1984, plaintiffs nonsuited the state court action. Apparently between September 18 and October 5 no mention of the intention to nonsuit was made to defense counsel, who were proceeding with their preparations for trial in state court. The motion to stay proceedings in the federal forum ensued. Defendants allege that plaintiffs dismissed their state court action and refiled in federal court to seek a more favorable forum, and further allege that plaintiffs have failed to pay some $7,938.00 assessed against them as the costs of appeal from the earlier state court adjudication of their claim.

Each party raises multiple issues questioning the motives of the other in this matter, but the issues which must actually be resolved are quite simple. They are two in number: 1) did the plaintiffs have the

right to nonsuit their state action and refile in federal court; and 2) should the plaintiffs be required to pay the defendants their appeal costs prior to actively pursuing their federal action?

■ It is clear that under Arkansas law plaintiffs had the absolute right to take a nonsuit at any time prior to submission of their case to the trier of fact. *Haller v. Haller*, 234 Ark. 984, 356 S.W.2d 9 (1962). Regarding the federal action, it is equally clear that if sufficient grounds for federal jurisdiction exist, and the grounds for abstention set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) do not apply, then the federal court should retain jurisdiction. *Gentron Corp. v. H.C. Johnson Agencies, Inc.*, 79 F.R.D. 415 (1978). The defendants do not argue that there is an insufficient basis for federal jurisdiction, and a review of the complaint shows that the requirements of 28 U.S.C. § 1332 have been satisfied. None of the *Colorado River* grounds for abstention have been advanced, and none are discerned by the Court in its review of the file.

■ Defendants argue that the case should be dismissed because plaintiffs have shopped for a favorable forum, and because the filing of a suit in federal court while a similar suit is pending in state court constitutes vexatious litigation. Neither of these arguments is persuasive. Defendants' claim that the filing in federal court amounts to forum-shopping is not substantiated. A cardinal principle of diversity jurisdiction is that plaintiffs who seek to assert a state-created right in a federal district court where jurisdiction is founded upon diversity of citizenship can be placed in no better position than they would have enjoyed in state courts. *Angel v. Bullington*, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1946). Defendants have not suggested any way in which plaintiffs will be better off in federal court than in state court, and none is perceived by this Court. The law of Arkansas will apply to plaintiffs' claim, regardless of the forum where it is prosecuted.

As for the argument that the federal filing amounts to vexatious litigation by reason of multiplicity of lawsuits, that argument is blunted by the fact that plaintiffs took a nonsuit of their state court action after filing the federal action. Defendants are still only being required to defend one lawsuit, in spite of the fact that the action could be proceeding in both state and federal fora at the same time. The plaintiffs decided to proceed in the federal forum, and have released the defendants from the obligation to defend in state court. This Court does not find any vexation in such a procedure.

■ As the second prong of their Rule 41(d) motion, defendants contend that the federal proceedings should be stayed pending payment by plaintiffs of costs assessed against them on appeal in state court. It is not denied that plaintiffs have not paid those costs to defendants. Plaintiffs allege that they are financially unable to pay these costs; defendants argue that plaintiffs can liquidate certain enumerated assets to pay them. The Court notes that the costs of the appeal were reduced to a judgment against the plaintiffs, and that the Circuit Court of Lee County entered an Order and Judgment stating "that Defendants should be given the right to enforce the payment of said judgment by causing a levy of execution or garnishment on said Plaintiffs' property without the necessity of waiting the statutory time of ten days ...." Defendants may thus execute on plaintiffs' assets to collect this judgment. Defendants suggest that it would be more appropriate to refuse to allow plaintiffs to proceed with their action in federal court until they have paid the costs assessed against them. This Court does not find that such a position is either justified or required by the rules of civil procedure. The decision to stay a proceeding pending payment of costs of a previously dismissed action is a matter for the discretion of the courts. Fed.R.Civ.P. 41(d). This Court refuses to exercise its discretion in a manner

calculated to penalize plaintiffs and deny them their day in court. The motion to stay proceedings is denied.

■ Defendants further seek to recover the costs of a motion for change of venue in the state court proceeding, a state pre-trial hearing, a written exchange of witnesses, and a motion for bifurcation of trial. While it may be reasonable to request payment for the motion for change of venue, no costs for such motion are itemized anywhere in the voluminous paperwork submitted on the present motion. Therefore, no action can be taken on that portion of the request. As for exchange of witnesses, pretrial, and motion for bifurcation, these items should inure to the benefit of the parties in preparing for trial in the federal forum as well as in a state forum, and costs for them are not properly compensable under Fed.R.Civ.P. 41(d).