**UNITED TRANSPORTATION UNION, Plaintiff,**

v.

**MAINE CENTRAL RAILROAD COMPANY and Springfield Terminal Railway Company and Lamoille Valley Railroad Company, Defendants.**

Civ. No. 85-0184-P.

United States District Court,
D. Maine.

Sept. 25, 1985.

James F. Freeley, Jr., Feeney & Freeley, Boston, Mass., and John Evans Harrington, Winterport, Me., for plaintiff.

Stephen H. Shook, Portland, Me., and Stephen W. Olsen, Kirkpatrick & Lockhart, Pittsburgh, Pa., for defendants.

MEMORANDUM AND ORDER ON MOTION OF DEFENDANTS' MAINE CENTRAL RAILROAD COMPANY AND SPRINGFIELD TERMINAL RAILWAY COMPANY FOR AN ORDER FOR THE PAYMENT OF COSTS FOR PREVIOUSLY DISMISSED ACTION AND MOTION FOR THE STAY OF THE PRESENT PROCEEDINGS

GENE CARTER, District Judge.

This matter is before the Court on the motion of two Defendants, Maine Central

Railroad Company and Springfield Terminal Railway Company, seeking an order of this Court pursuant to Fed.R.Civ.P. 41(d) for the payment of costs of a previously dismissed action and for a stay of present proceedings pending payment of the costs of the prior action. Attached to the motion are various exhibits, including the complaint in a prior action filed in the United States District Court for the District of Columbia and copies of the order of the Honorable Stanley S. Harris, United States District Judge, denying a motion in that action for a preliminary injunction.

Rule 41(d) is intended to confer a broad ambit of discretion upon federal courts. 5 *Moore's Federal Practice*, ¶ 41.-16, at 41–224 (citing cases). The rule permits an appeal to the permissive exercise of the court's authority as a matter of discretion and does not require the issuance of an automatic stay. *Clemens v. Central R.R. Co.*, 264 F.Supp. 551 (E.D.Pa.1967), *rev'd on oth. grds.*, 399 F.2d 825 (3d Cir.1968), *cert. denied*, 393 U.S. 1023, 89 S.Ct. 633, 21 L.Ed.2d 567 (1969). The purpose of the rule is to prevent the maintenance of vexatious lawsuits and to secure, where such suits are shown to have been brought repetitively, payment of costs for prior instances of such vexatious conduct. However, the court must be guided by extreme caution in staying an action brought in good faith. *Moore's Federal Practice, supra*, at 41–225. The moving Defendants here point to the criteria set out in the case of *Gainey v. Brotherhood of Railway & S.S. Clerks*, 34 F.R.D. 8 (E.D.Pa.1963), and appear to argue that upon satisfaction of those four criteria, the relief requested herein is mandated.

The *Gainey* case, however, does not indicate that these are exhaustive or exclusive criteria to be considered by the Court in formulating the exercise of its informed discretion, but are simply criteria that may, in appropriate circumstances, influence that formulation. The record in this case does establish that two of these criteria have been satisfied; namely, that the parties to both the action commenced in the District of Columbia and the present one are the same and that no costs have been assessed by the judge in the prior action. As to the financial ability of the Plaintiff to pay the costs of the prior action, Defendants rely entirely upon the fact that the Plaintiff is a large union. The record is devoid of any discrete indication of the assets of the union.

Finally, the Court is not definitively satisfied that the fourth criteria, namely, the likelihood of Plaintiff's success in the second action, is resolved by the action of Judge Harris in denying in the District of Columbia court the motion for a preliminary injunction. The determination that he made with respect to Count I in that case, that the Plaintiff had not made a showing of probability of success on the merits, is coupled with a determination of the absence of a "convincing" showing of irreparable harm. Order of Judge Harris, filed on May 10, 1985. Further, with respect to Count II, the Court simply found "the plaintiff has not shown that the dispute should be characterized as major within the meaning of the Railway Labor Act, 45 U.S.C. § 156." *Id.*

It is well known that judgments of the kind made by Judge Harris in proceedings on motions for preliminary injunctions are premised upon legal principles deriving their force from equitable considerations which militate strongly against granting such relief. Further, those determinations in the context of preliminary injunction proceedings are entirely predictive in nature and cannot be viewed as indicating with any surety a principled resolution of the underlying substantive issues in the case such as will be achieved as the result of a trial on the merits. Further, the Court is satisfied that on the present record it is unable to make any assessment in this matter as to the likelihood of the Plaintiff's success when the merits are reached in this Court.

Finally, this Court is not satisfied on its understanding of the facts which brought about the dismissal of the prior action in the District of Columbia that the Plaintiff's

conduct in voluntarily dismissing that action and recommencing it here, especially in view of the fact that apparently viable defenses had been posed there to the jurisdiction and venue of the District of Columbia court, is motivated by any vexatious intent.

Nor is the Court satisfied that the recommencement of the suit here is an instance of "blatant forum shopping" as it is characterized to be by the moving Defendants. In commencing the action here, the Plaintiff did not seek to revivify its claim to a preliminary injunction, the matter which had previously been decided adversely to Plaintiff by Judge Harris. What the Plaintiff seeks here is an adjudication on the merits after full plenary hearing of the substance of its complaint. On all the facts presented to the Court there is no reason to believe at this stage of the proceedings that the Plaintiff is not entitled to such a plenary determination on the merits. Defendants can hardly complain if Plaintiff has responded affirmatively to defensive motions filed in the District of Columbia action, been educated by the legal perspicacity of Defendants' counsel and chosen to benefit therefrom.

There is nothing in this record from which the Court could conclude that the bringing of the action in the District of Columbia court was patently unfounded in terms of jurisdiction and venue. The Plaintiff's asserted basis for dismissing the action was that it wished to remove any question as to the propriety of jurisdiction and venue in the interests of expedition and economy of resources. That type of judgment is generally applauded by courts and no reason appears in this case to believe that the motivation of the Plaintiff in seeking to reinstitute the action where jurisdiction and venue are not subject to question is motivated by any improper purpose. Certainly, the record in this case would not permit the Court to so find.

Accordingly, the Motion of the Defendants Maine Central Railroad Company and Springfield Terminal Railway Company for Assessment of Costs of a Previously Dismissed Action and Stay of the Present Proceedings, filed on July 15, 1985, is hereby *DENIED.*

So *ORDERED.*