Frederick A. SIMEONE, M.D., Plaintiff,

v.

FIRST BANK NATIONAL ASSOCIATION f/k/a First National Bank of St. Paul; Antje Angela Quante, Executrix of the Estate of Herman Quante; Leland Gohlike; and Peter Garretson, Defendants.

No. Civ. 4–88–850.

United States District Court,
D. Minnesota,
Fourth Division.

March 31, 1989.

Richard A. Williams, Hvass, Weisman & King, Minneapolis, Minn., James E. Beasley (Beasley, Casey, Colleran, Erbstein, Thistle, Kline & Murphy, of counsel), Philadelphia, Pa., for plaintiff.

Scott A. Johnson, Richard D. Holper, Alfred H. Edwall, Jr., Robins, Kaplan, Miller & Ciresi, Minneapolis, Minn., for defendants First Bank Nat. Ass'n and Peter Garretson.

Michael A. Stern, Fredrickson & Byron, Minneapolis, Minn., for defendant Antje Angela Quante.

MacLAUGHLIN, District Judge.

This matter is before the Court on the motion of defendants First Bank National Association and Peter Garretson for an order staying proceedings in this case until plaintiff pays defendants the costs and fees they incurred in defending a prior state court action. Defendants' motion will be granted.

FACTS

Plaintiff Frederick A. Simeone, M.D. (Simeone), is an individual residing in the State of Pennsylvania. Defendant First Bank National Association f/k/a First National Bank of St. Paul (First Bank) is a bank duly organized and existing under the laws of the State of Minnesota with its principal place of business in Minneapolis, Minnesota. Defendant Antje Angela Quante, Executrix of the Estate of Herman Quante (hereinafter referred to as the Estate), is an individual who resides in the Federal Republic of Germany. Defendant Leland Gohlike (Gohlike) is an individual residing in the State of Minnesota. Defendant Peter Garretson (Garretson) is an individual residing in the State of Minnesota. At all relevant times defendant Garretson was employed by defendant First Bank as a commercial banking officer. Plaintiff's complaint, asserting various contract and tort claims, invokes the Court's subject matter jurisdiction pursuant to the diversity provisions of 28 U.S.C. § 1332.

This action arose out of a loan made by First Bank to Leland Gohlike. The collateral for First Bank's loan to Gohlike was certain automobiles and parts owned by Gohlike. When Gohlike defaulted under the terms of the loan, First Bank sought to foreclose on its security interest in the collateral and sell the automobiles and parts in satisfaction of Gohlike's debt. On or about July 1, 1985 First Bank took possession of the collateral. Among the assets seized were certain automobiles and parts to which the Estate claimed title.

Simeone became interested in purchasing the cars and parts taken by First Bank from Gohlike as a result of Simeone's contacts with First Bank's broker for the collateral. In September 1985 Simeone offered to purchase the automobiles and parts from First Bank through its broker. On October 26, 1985 First Bank, through its officer Peter Garretson, the Estate, and Simeone executed a purchase agreement for the purchase of the automobiles and parts.

Pursuant to the October 26, 1985 purchase agreement, First Bank and the Estate agreed to convey the automobiles and parts to plaintiff Simeone unless: (1) First Bank determined it was precluded from completing the sale by a court order, stay or injunction; or (2) Gohlike tendered to First Bank and the Estate on or before November 4, 1985 cash in excess of the purchase price set forth in the purchase agreement. Affidavit of Richard D. Holper par. 5 and Exh. A. at 2. On October 23, 1985 Gohlike initiated a suit in the United States District Court against First Bank and certain of its officers claiming, among other things, violations of Gohlike's civil

rights. On November 4, 1985 Gohlike commenced a second suit in Washington County District Court and obtained, without notice, an ex parte temporary restraining order (TRO) blocking any sale or disposition of the automobiles and parts. First Bank contends that as a result of that TRO, it was unable to perform pursuant to the purchase agreement, as a condition precedent of the purchase agreement failed. On November 4, 1985 First Bank in fact rejected Simeone's tender of the balance of the purchase price due on the purchase agreement.

On November 6, 1985 First Bank's counsel appeared before the Washington County District Court and moved to vacate the TRO. The court did not rule upon First Bank's motion until November 12, 1985. At that time, the court approved the sale of the collateral held by First Bank to SMB Inc. in a transaction in which Gohlike acquiesced. As part of that sale, Gohlike agreed to dismiss all claims pressed against First Bank officers in Gohlike's federal court action.

On December 19, 1985 Simeone initiated an action against First Bank and SMB Inc. in Hennepin County District Court. Simeone's complaint alleged that First Bank breached its contract with Simeone by failing to complete the sale of the automobiles and parts pursuant to the parties' October 26, 1985 purchase agreement. On January 29, 1986 Simeone moved for a TRO enjoining further disposition of the automobiles and parts pending a trial on the merits. By order dated February 7, 1986 the Hennepin County District Court denied Simeone's motion. The court found that because a condition precedent of the purchase agreement had not occurred, Simeone was unlikely to succeed on the merits of his breach of contract claim. *See* Defendant's Memorandum, Exh. B. In the same order the court granted the motion of First Bank to transfer the action to Washington County.

During the time Simeone's action was pending in Washington County, defendant First Bank brought motions for summary judgment which narrowed the issues involved in that case.[1] In ruling on one motion, the court held that the purchase agreement between Simeone and First Bank was an executory contract containing two express conditions precedent. The contract was not to take effect, the court ruled, if a court order precluded a sale to Simeone on November 4, 1985, or if Gohlike was able to pay the purchase price by November 4, 1985. Defendants' Memorandum Exh. D. The court refused to grant summary judgment, however, because an issue of material fact existed regarding whether or not First Bank waived these conditions precedent. *Id.*

In another ruling on a motion by defendant First Bank for summary judgment, the court held that the impossibility defense was applicable to the parties' action. That is, the court found that First Bank could argue based on Minnesota law that it was excused from performing the purchase agreement because the court's TRO precluding transfer of the automobiles and parts made performance impossible. The court declined to enter summary judgment, however, because a factual dispute existed as to whether First Bank satisfied all the necessary conditions for successfully asserting the impossibility defense.

On February 29, 1988, shortly before trial in state court, First Bank brought a motion in limine to exclude evidence of a certain "Special Roadster" automobile from plaintiff's claim for damages. The court granted First Bank's motion. Thereafter plaintiff moved to voluntarily dismiss his action without prejudice. The court granted plaintiff's motion over the objection of First Bank. The court refused to condition the voluntary dismissal on an incorporation of the court's pretrial rulings on plaintiff's claims. First Bank did not move for an award of costs against plaintiff.

---

1. Also during the pendency of Simeone's action in Washington County, Simeone brought another action against First Bank in Ramsey County District Court alleging that First Bank tortiously interfered with the Estate's contract with Simeone. That action was transferred to Washington County by the Ramsey County District Court and subsequently stayed by the Washington County District Court.

On or about October 20, 1988 plaintiff Simeone filed the present action. Count I of plaintiff's amended complaint seeks reformation of the contract between Simeone and First Bank to specifically provide for conveyance of the Special Roadster to plaintiff as part of the sale of automobiles and parts. Counts II and III of plaintiff's amended complaint assert claims of breach of contract against First Bank and the Estate, respectively, alleging that those defendants wrongfully refused to perform the purchase agreement between the parties. Counts IV and V of plaintiff's amended complaint assert claims of fraud and misrepresentation against defendants First Bank and Garretson arising out of communications between the parties regarding the purchase agreement and its performance. Count VI of the amended complaint alleges that First Bank and Garretson intentionally interfered with the contract between plaintiff and the Estate. Count VII of the amended complaint alleges that First Bank induced Gohlike to interfere with the contract between plaintiff and First Bank. Count VIII of the amended complaint asserts a claim of breach of fiduciary duty against First Bank. Count IX asserts a claim for intentional interference with a contract against Gohlike while Count X alleges that defendants Gohlike and First Bank engaged in an unlawful civil conspiracy. Counts XI–XIII of plaintiff's amended complaint seek punitive damages against Gohlike, First Bank and Garretson, respectively.

Defendants First Bank and Garretson now move the Court pursuant to Federal Rule of Civil Procedure 41(d) for an award of costs and attorneys' fees incurred in the prior state court action. Defendants further request that the Court stay all proceedings in this case pending payment of such award by plaintiff. Defendants contend that plaintiff voluntarily dismissed its state action and subsequently refiled its suit in federal court in a blatant attempt at forum shopping. Defendants further contend that an award of costs and fees and a corresponding stay is an appropriate remedy for such vexatious conduct. Plaintiff opposes defendants' motion and interposes numerous objections to an award of costs and a stay of proceedings.

## DISCUSSION

Defendants First Bank and Garretson seek an order requiring plaintiff Simeone to pay costs including attorneys' fees incurred by defendants in defending the previously dismissed state court action. Further, defendants request that the instant proceedings be stayed until such payment by plaintiff is made. Defendants contend such an order is justified and proper under Fed.R.Civ.P. 41(d). That rule provides:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper. and may stay the proceedings in the action until the plaintiff has complied with the order.

Fed.R.Civ.P. 41(d).

Rule 41(d) is intended to confer broad discretion upon federal courts. *United Transportation Union v. Maine Central Railroad Co.*, 107 F.R.D. 391, 392 (D.Me. 1985), *citing* 5 *Moore's Federal Practice* par. 41.16 at 41–224. The rule is permissive in nature and does not require the issuance of an automatic stay. *Maine Central*, 107 F.R.D. at 392. The purpose of the rule is to prevent vexatious suits and to secure the payment of costs. *Phoenix Canada Oil Co. v. Texaco, Inc.*, 78 F.R.D. 445, 448 (D.Del.1978). Rule 41(d) applies to actions previously dismissed in "any court," including an action previously dismissed without prejudice in a state court. *See World Athletic Sports Corp. v. Pahlavi*, 267 F.Supp. 160 (S.D.N.Y.1966).

On its face, Rule 41(d) applies in this case. Plaintiff Simeone previously dismissed his state court breach of contract action against First Bank and now has commenced an action including the same claim against defendant First Bank. It thus would appear that an order of costs and corresponding stay is appropriate in this case.

Plaintiff Simeone asserts that the imposition of costs is inappropriate here. Plaintiff presents several arguments in support of its position which will be discussed seriatim.

## I. *Identity of Parties*

Plaintiff Simeone argues that the Court cannot assess costs against plaintiff because the parties to this lawsuit are not identical to the parties involved in the previously dismissed state court action. Specifically, plaintiff argues that defendant Garretson, who was not a party to the state court action, cannot invoke the protection of Rule 41(d).

■ It seems clear that one who was not a party to a previous lawsuit incurred no costs with respect to that lawsuit and accordingly is not entitled to an award of costs pursuant to Fed.R.Civ.P. 41(d). Such an award would go beyond the objective of Rule 41(d) of preventing repetitive vexatious suits. The addition of new defendants in a second suit, however, does not preclude the Court from awarding costs to one who was a party to the previous action, nor does it prevent the Court from granting a stay of proceedings pursuant to Rule 41(d) as against all defendants pending payment of an award of costs to the defendant who was named in both the prior and instant suits. In a case cited by plaintiff, *Compania Maritima Transoceanica, S.A. v. Stevenson*, 11 F.R.D. 210, 211 (S.D.N.Y. 1950), the United States District Court for the Southern District of New York, in a terse opinion, stayed proceedings as against defendants who were entitled to an award of costs by virtue of their participation as defendants in a previous lawsuit, but refused to stay proceedings as against new defendants who were not parties to the previous lawsuit. As noted by Wright and Miller in their treatise on federal practice, however, the reading of Rule 41(d) suggested by the *Stevenson* decision is unduly restrictive. C. Wright & A. Miller, *Federal Practice and Procedure* § 2375. Rule 41(d) provides that in "an action based upon or including the same claim against the same defendant," the Court "may stay

the proceedings in the action." In this case, plaintiff's complaint includes the same breach of contract claim against First Bank as was asserted against First Bank in the previously dismissed state court action. Accordingly, based on the plain language of Rule 41(d), the Court has the discretion to "stay the proceedings in the action." Nothing in this language suggests that the Court may stay proceedings in this case only against a defendant who was named in the previous lawsuit. The Court does not accept plaintiff's argument that the lack of identity of parties in the two relevant actions precludes application of Rule 41(d).

## II. *De Novo Award of Costs*

Pursuant to Minnesota Rule of Civil Procedure 41.01(b), the Washington County District Court had authority to allow Simeone to voluntarily dismiss his lawsuit against First Bank only "upon such terms and conditions as the Court deem[ed] proper." The court had the power to condition its grant of dismissal upon payment by plaintiff of costs and fees. First Bank did not move the Washington County District Court for an award of fees, and no award was made. Plaintiff Simeone now argues that because the state court declined to condition plaintiff's voluntary dismissal on payment of costs and fees, this Court cannot order an award of fees pursuant to Fed.R.Civ.P. 41(d). Plaintiff argues that a prior judgment for costs rendered against plaintiff in the prior suit is a prerequisite to the discretionary award of costs under Rule 41(d).

■ Courts have at various times used Rule 41(d) as a mechanism to insure payment of costs awarded by a prior court as a condition of voluntary dismissal. *See, e.g., Zaegel v. Public Finance Co.*, 79 F.R.D. 58 (E.D.Mo.1978); *World Athletic Sports Corp. v. Pahlavi*, 267 F.Supp. 160 (S.D.N.Y.1966). Further, courts have considered whether costs have been assessed by the judge in a prior action as one factor useful in determining if an award of costs pursuant to 41(d) is appropriate. *See Phoenix Canada Oil Co. v. Texaco, Inc.*, 78 F.R.D.

445, 448 (D.Del.1978), *citing Gainey v. Brotherhood of Railway and Steamship Clerks*, 34 F.R.D. 8 (E.D.Pa.1963). A prior award of fees in a previously dismissed case is not, however, an essential prerequisite to an award of fees pursuant to Rule 41(d). *See Wahl v. City of Wichita, Kansas*, 701 F.Supp. 1530, 1533 (D.Kan.1988); *Maine Central*, 107 F.R.D. at 392. A prior award of fees is but one factor a court may consider in exercising its discretion under Rule 41(d). *Wahl*, 701 F.Supp. at 1533. Accordingly, in the instant case, the Court is not precluded from awarding fees and costs under Rule 41(d) by the fact that the Washington County District Court declined to condition the dismissal of Simeone's previous lawsuit on payment of costs.

### III. *Attorneys' Fees*

■ Based on the preceding analysis, it is clear that the Court has authority to order plaintiff to pay defendant First Bank the costs incurred by First Bank in the prior state court action and to stay all proceedings in this case pending payment of such costs. In their motion for costs and a stay, defendants First Bank and Garretson have requested an award of attorneys' fees as part of the costs incurred by First Bank in the prior litigation. Plaintiff Simeone argues that attorneys' fees are not recoverable as "costs" under Rule 41(d).

Few reported cases have dealt with the issue of attorneys' fees under Rule 41(d), and the holdings of these cases are contradictory. In *Eager v. Kain*, 158 F.Supp. 222, 223 (E.D.Tenn.1957), the court held:

if a plaintiff has once dismissed an action in any court, upon the commencement of an action including the same claim in a federal court, the court may require the payment of costs, including attorneys' fees, of the previously dismissed action as a prerequisite to the filing of the action.

*See also Evans v. Safeway Stores, Inc.*, 623 F.2d 121, 122 (8th Cir.1980). However, in *Yetter Homes, Inc. v. Coastal Cabinet Works, Inc.*, 234 F.Supp. 568, 572 (E.D.S.C. 1964), the court summarily denied defendant's request for attorneys' fees under Rule 41(d). Neither of these cases included a discussion of the reasons behind the court's decision regarding attorneys' fees.

The Court is satisfied based upon its own research and a review of the cases cited by defendants that attorneys' fees are not recoverable as part of "costs" under Rule 41(d). The language of Rule 41(d) speaks only generally of payment of "costs" and does not specifically mention attorneys' fees. Ordinarily, attorneys' fees are not taxable as costs. *See Wheeler v. Durham City Board of Education*, 585 F.2d 618, 623 (4th Cir.1978); C. Wright & A. Miller, *Federal Practice and Procedure* § 2675. Title 28 U.S.C. § 1920, which lists items a court may tax as costs, does not refer to attorneys' fees. Several of the Federal Rules of Civil Procedure explicitly provide for recovery of attorneys' fees. *See* Fed.R. Civ.P. 30(g)(2), 37(a)(4), 37(b), 37(c), 37(d), 56(g). Thus, Congress knew how to provide for recovery of attorneys' fees, and its failure to so provide in Rule 41(d) suggests that attorneys' fees are not to be considered as part of "costs" for purposes of a Rule 41(d) motion. For all these reasons, the Court will decline to include attorneys' fees under any award of costs made pursuant to Rule 41(d).

### IV. *Amount of Costs Recoverable*

■ A defendant making a motion for an award of costs pursuant to Rule 41(d) is not entitled to reimbursement for expenses incurred in preparing work product that will be useful in the continuing litigation. *See Bellamy v. Jones*, 600 F.Supp. 150, 153 (E.D.Ark.1985); *see also McLaughlin v. Cheshire*, 676 F.2d 855, 856–57 (D.C.Cir. 1982). By way of affidavit, defendant First Bank has submitted documentation evidencing $13,922.97 in costs which First Bank incurred in the previous litigation and which has not provided work product usable in subsequent litigation. *See* Affidavit of Ann M. Heider (December 28, 1988) and Supplemental Affidavit of Ann M. Heider (January 26, 1989). Among these costs for which First Bank seeks reimbursement are expert witness fees totalling $11,550.00. Plaintiff contends that First Bank is not

entitled to reimbursement for any expert witness fees, citing the Supreme Court's recent decision in *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). In *Crawford* the Supreme Court held that in awarding costs to a prevailing party pursuant to Fed. R.Civ.P. 54(d),[2] a court may order reimbursement of fees paid by the prevailing party to its own expert only to the extent provided for in 28 U.S.C. §§ 1821 and 1920 (*i.e.*, $30 per day for each day's attendance plus travel expenses and a subsistence allowance). *Crawford*, 107 S.Ct. at 2497–99. Plaintiff argues based on *Crawford* that defendant First Bank's recovery under Rule 41(d) is similarly limited by the provisions of 28 U.S.C. §§ 1821 and 1920.

■ The Court finds that *Crawford* is not controlling in this case. Under Rule 54(d), costs are awarded to the prevailing party as a matter of course. Accordingly, the uniformity attained by application of 28 U.S.C. §§ 1821 and 1920 is appropriate and desirable in the context of Rule 54(d). It is well established, however, that Rule 41(d) is intended to act as a deterrent to vexatious conduct, and Rule 41(d) grants the Court discretion to "make such order for the payment of costs of the action previously dismissed as it may deem proper." *See Phoenix Canada*, 78 F.R.D. at 448. Therefore, the strict limitation set forth in sections 1821 and 1920 on the amount of "costs" recoverable is not properly applied to an award under Rule 41(d).

## V. *Discretionary Award of Costs and Stay of Proceedings*

■ Plaintiff contends that even if the Court has authority to award defendant First Bank some amount of costs and to order a stay pending payment of those costs, the Court should decline to take such action in this case. Pursuant to Fed.R. Civ.P. 41(d), the decision whether to award costs to defendant First Bank and to stay proceedings in this case pending payment

of such an award of costs lies within the sound discretion of the Court. *See Maine Central*, 107 F.R.D. at 392. Plaintiff argues that the Court should exercise its discretion and decline to order reimbursement of costs and a corresponding stay of proceedings in this case. Interestingly, plaintiff does not argue that the previously dismissed state action was completely dissimilar from the present action. Plaintiff argues, however, that the complaint in this case is not a regurgitation of previously raised allegations. Plaintiff notes that in this case, tort as well as contract claims are pleaded, previously unrequested equitable relief is sought, and additional defendants are included. Plaintiff thus argues that a good faith basis for plaintiff's federal court action exists making an award of costs and a stay of proceedings inappropriate.

The Court finds, despite plaintiff's arguments, that an order should issue awarding costs to defendant First Bank and staying all proceedings herein pending payment of costs by plaintiff. The Court finds that plaintiff has presented an insufficient explanation to rebut the strong inference of forum shopping present here. Given the status of plaintiff's state court action and the numerous adverse rulings which plaintiff suffered in that case, it is quite probable that plaintiff voluntarily dismissed the state action to avoid an adverse judgment on the merits. Now, after having repackaged his lawsuit, plaintiff seeks to assert similar claims before this Court. Courts sometimes refuse to order a stay and payment of costs if a good reason exists for the prior dismissal and refiling. C. Wright & A. Miller, *Federal Practice and Procedure* § 2375. Plaintiff in this case, however, offers no real explanation for his actions. The history and content of the prior litigation is a relevant consideration in determining if relief is appropriate under Rule 41(d). *Gainey*, 34 F.R.D. at 11. In this case, the dismissal by plaintiff of the prior lawsuit after suffering adverse pretrial rulings suggests that plaintiff's dis-

---

**2.** Federal Rule of Civil Procedure 54(d) provides in relevant part:

Except when express provision therefor is made either in a statute of the United States

or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs.

missal and refiling in federal court were part of an effort by plaintiff to secure a more favorable forum. Such vexatious conduct is properly punished by an award of costs and a stay of proceedings under Rule 41(d). Accordingly, the Court will award costs to defendant First Bank and stay proceedings in this case pending payment of those costs by plaintiff.[3]

Based on the foregoing, and upon all the files, records, proceedings and arguments of counsel,

IT IS ORDERED that:

1. the motion of defendants First Bank and Garretson for a stay of proceedings and for an award of costs incurred in a prior action is granted;

2. plaintiff shall pay defendant First Bank $13,922.97 as reimbursement for costs incurred by First Bank in defending the prior state court action; and

3. all proceedings in this case are stayed pending payment by plaintiff to defendant First Bank of the above described award of costs.

---

**3.** Defendants have also moved for a protective order in this case preventing discovery which is duplicative of the discovery taken in the state court action. While the Court is sympathetic to defendants' desire to avoid duplicative discovery, the Court finds that the question of a protective order should be decided in the first instance by the magistrate during the course of normal pretrial proceedings.