**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 23 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

GEORGE MEREDITH, M.D.,

      Plaintiff-Appellant,

v.

CARLA STOVALL; WILLIAM
GRAVES; RICK HOFFMAN;
SEABOARD FARMS; LARRY
KEENAN; KEENAN AND
BOECKMAN LAW FIRM,

      Defendants-Appellees.

No. 99-3350
(D.C. No. 99-CV-1230)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **PORFILIO** , and **EBEL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff George Meredith, M.D., appearing pro se, brought this action under 42 U.S.C. § 1983, asserting that defendants conspired to violate his First Amendment rights due to his vocal opposition to the Kansas tobacco settlement and corporate hog-farming operations. He appeals from the district court's October 26, 1999 order that dismissed his complaint and reiterated the court's September 9, 1999 order that he pay specified costs and attorney's fees to defendants Rick Hoffman, Seaboard Farms, Inc., Larry Keenan, and Keenan and Boeckman Law Firm under Fed. R. Civ. P. 41(d) for filing a second complaint against them after the first one was dismissed. We have jurisdiction under 28 U.S.C. § 1291. We construe plaintiff's pro se pleadings liberally. See Haines v. Kerner , 404 U.S. 519, 520 (1972).

Whether the basis for the district court's dismissal is Rule 12(b) or Rule 41(b) is not crystal clear. The district court stated in its October 26 order, however, that it was dismissing plaintiff's complaint for the reasons advanced in defendants' motions to dismiss, that is, for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), for insufficiency of service of process under Rule 12(b)(5), and for failure to state a claim under Rule 12(b)(6). See R., Vol. I, doc. 33, at 2; see also id., doc. 16, at 1, doc. 19, at 1, doc. 21, at 1. "[W]e review de novo the district court's grant of a motion to dismiss pursuant to 12(b)(6)." GFF Corp. v. Associated Wholesale Grocers, Inc. , 130 F.3d 1381, 1384 (10th Cir.

1997).  "A 12(b)(6) motion should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Id. (quoting  Conley v. Gibson  , 355 U.S. 41, 45-46 (1957)). Plaintiff's complaint is frivolous and conclusory.  We hold that Rule 12(b)(6) provides a sufficient basis for its dismissal.

Rule 41(d) states:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

Fed. R. Civ. P. 41(d).  Under the language of Rule 41(d), the decision whether to impose costs and attorney's fees is within the discretion of the trial court.        See also  8 James Wm. Moore at el., Moore's Federal Practice § 41-70[1] (citing cases holding that award of costs is discretionary), § 41-70[6] (citing cases holding that attorney's fees are available under Rule 41(d)) (3d ed. 1997).  We therefore review the district court's imposition of costs and attorney's fees in this case for abuse of discretion.  "The purpose of the rule is to prevent the maintenance of vexatious law suits and to secure, where such suits are shown to have been brought repetitively, payment of costs for prior instances of such vexatious conduct."  United Transp. Union v. Maine Central R.R.     , 107 F.R.D. 391, 392 (D. Me. 1985).  Accordingly, we find no abuse of discretion in this case, and

-3-

affirm the award in favor of defendants Rick Hoffman, Seaboard Farms, Inc., Larry Keenan, and Keenan and Boeckman Law Firm.

Plaintiff's notice of appeal from the March 17, 2000 decision of this court not to hear oral arguments is construed as a renewed motion for oral argument, and denied. Plaintiff's filing of a supplemental appendix is construed as a motion for leave to file a supplemental appendix, and granted.

The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

David M. Ebel
Circuit Judge

-4-