**1388**

**C. L. LOVEDAY**

v.

**CAMEL MANUFACTURING COMPANY.**

Civ. A. No. 6877.

United States District Court,
E. D. Tennessee, N. D.

July 21, 1970.

———◆———

B. G. Marks, McMinnville, Tenn., Morton, Lewis & King, Knoxville, Tenn., for plaintiff.

Joe C. Thomason, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Plaintiff seeks $639.22 recovery for alleged overtime wages under the Fair Labor Standards Act. 29 U.S.C. § 201 et seq.

Plaintiff worked as a night watchman for the defendant from May 10, 1967 until October 31, 1969. He worked from 11:00 P.M. to 7:30 A.M. or eight and one-half hours on each shift. Plaintiff was generally the only employee present at defendant's warehouse during this period. He claims that he was "on duty" during this eight and one-half hour period and entitled to pay for the entire time.

Defendant denies liability. It says that when it first started using a time clock at its warehouse plant it established the practice of deducting thirty minutes from the total time the employee spent on the shift. This thirty minutes was for the employee to eat his lunch. This practice allowed each employee to punch in at the beginning of the shift and at the end of the shift.

Defendant contends that plaintiff knew that he was not entitled to pay for the one-half hour for his lunch. The oral testimony was to this effect, and plaintiff worked for over two years for defendant without complaining that his weekly paycheck was incorrect.

The rights of the parties are controlled by their contract unless it runs counter to some provision of the Fair Labor Standards Act. The Court finds that all of the eight and one-half hour period was spent predominately for the benefit of the employer. An employee on duty, although not working like plaintiff during his lunch period, who is subject to call by the employer, is entitled to pay under the Act. F. W. Stock & Sons v. Thompson, 194 F.2d 493 (C.A. 6, 1952); Armour & Co. v. Wantock, 323 U.S. 126, 65 S.Ct. 165, 89 L.Ed. 118.

It follows from the foregoing that plaintiff is entitled to recover $639.22, plus attorney's fees which the Court fixes at 15% of the recovery.

Under the evidence, plaintiff is entitled to no penalty.