Charles G. WAHL, Dale E. Coffman, Richard A. Alvarez, On Behalf of Themselves and All Others Similarly Situated, Plaintiffs,

v.

The CITY OF WICHITA, KANSAS, Defendant.

No. 88–1424–K.

United States District Court, D. Kansas,

Dec. 21, 1988.

Ray E. Simmons, Ken M. Peterson, Robert W. Coykendall, Morris, Laing, Evans, Brock & Kennedy, Wichita, Kan., for plaintiffs.

Thomas R. Powell, City Atty., Ed L. Randels, Asst. City Atty., Wichita, Kan., and Walter V. Siebert, Sherman and Howard, Denver, Colo., for defendant.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

Plaintiffs Charles Wahl, Dale Coffman, and Richard Alvarez are police officers or former police officers employed by defendant City of Wichita ("City"). In this action, plaintiffs allege the City's failure to compensate plaintiffs for their half hour per day in-shift meal period constitutes a violation of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiffs further allege the City has failed to pay police officers overtime pay for missed in-shift meal periods, in violation of the collective bargaining agreement in effect between the City and the Fraternal Order of Police, Lodge No. 5 ("FOP"). Finally, plaintiffs claim the City unlawfully retaliated and discriminated against plaintiffs in violation of § 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), and 42 U.S.C. § 1983 by imposing a new disciplinary rule upon police officers after plaintiff Wahl filed an action similar to the instant action in state court. As a result of these alleged violations, plaintiffs claim they are entitled to back pay, liquidated damages, attorney fees and costs.

This case is currently before the court on the City's motion to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The City argues that a recent Kansas Supreme Court decision, *Atteberry v. Ritchie*, 243 Kan. 277, 756 P.2d 424 (1988), is conclusive with regard to plaintiffs' claim for overtime compensation under the FLSA and mandates dismissal of that claim. The City additionally contends plaintiffs' breach of contract and retaliation/discrimination claims are barred by plaintiffs' failure to exhaust contractual grievances. Lastly, defendant seeks a court order awarding the City its costs in a previously dismissed state court action and staying the instant proceedings until plaintiffs have made such payment.

While plaintiffs have styled the instant motion as a motion to dismiss for failure to state a claim upon which relief can be granted, both parties have presented matters outside the pleadings to the court. Accordingly, the court shall treat defendant's motion to dismiss as one for summary judgment. Fed.R.Civ.P. 12(b).

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering such a motion, this court must examine all evidence in a light most favorable to the opposing party. *Ewing v. Amoco Oil Co.*, 823 F.2d 1432, 1437 (10th Cir.1987). Further, the party moving for summary judgment must demonstrate its entitlement beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir.1985). However, the moving party need not disprove plaintiff's claim, but rather, must only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir.1987).

Once the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed.R.Civ.P. 56(e)). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### Findings of Fact

The terms of employment of the plaintiff officers have at all relevant times been

governed by collective bargaining agreements in effect between the City and the FOP ("Agreement"). Under the Agreement, police officers receive overtime pay at the rate of 1½ times their regular rate of pay for all hours worked in excess of 40 hours per week. (Agreement, Art. VI.) The Agreement provides that police officers will receive one unpaid 30–minute lunch period per work day. (Agreement, Art. VI.) During this meal period, the officers must remain within a certain geographic area, must respond to all emergencies and citizen requests, and must remain accessible by radio or telephone. If the officers are required to work through their meal periods, they are entitled to overtime pay pursuant to the terms of the Agreement.

On November 18, 1985, plaintiff Coffman alleges he was required to work through a lunch period. Coffman's subsequent request for overtime compensation was initially approved by Lieutenant Chebultz, Coffman's immediate supervisor. On November 19, 1985, however, Coffman's request was denied by Captain Potter, Chebultz's supervisor. Coffman decided to grieve the denial, and on November 27, 1985, submitted his grievance to his department director, Chief of Police Richard LaMunyon. (Appendix to Plaintiffs' Brief, Ex. 1.) LaMunyon denied the grievance, finding Coffman had "ample opportunity" to take his lunch break but failed to do so. (App., Ex. 2.)

Following Coffman's denial of plaintiff's grievance, Coffman submitted his grievance to an employee grievance board on December 12, 1985. The board denied Coffman's grievance on January 28, 1986, because the "grievant had not followed the grievance procedure (Step 1) as outlined in the contract." (App., Ex. 4.) Coffman did not seek review by the city manager of the board's decision.

On October 13, 1987, plaintiff Wahl instituted an action against the City in the District Court of Sedgwick County, Kansas, seeking compensation for in-shift meal periods on behalf of himself and others similarly situated. He sought relief under the collective bargaining agreement, the Kansas minimum wage and maximum hours law, the Kansas Wage Payment Act, and the Fair Labor Standards Act.[1]

A few days after plaintiff's state lawsuit was filed, the City implemented a new policy whereby all police officers were required to "log in" their in-shift meal periods on their daily activity sheet. (App., Ex. 9.) A failure to comply with the rule resulted in a written letter of reprimand for a first offense, and a suspension of employment without pay for a second or subsequent offense.

Following the implementation of this policy by the City, plaintiff Wahl amended his state court petition to add a claim that the City, by instituting this new policy, unlawfully retaliated and discriminated against plaintiff.

Plaintiffs voluntarily dismissed their state court action on June 24, 1988, after the Kansas Supreme Court issued an opinion in a similar case, *Atteberry v. Ritchie,* 243 Kan. 277, 756 P.2d 424 (1988) (see discussion, *infra,* at pp. 1533–35).

Plaintiffs Wahl, Coffman and Alvarez, on behalf of themselves and others similarly situated, subsequently filed the instant action alleging (1) the City's failure to pay overtime compensation to police officers for their in-shift meal periods violates § 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1); (2) the City's failure to pay overtime compensation to officers for *missed* in-shift meal periods violates the collective bargaining agreement; and (3) the City unlawfully retaliated and discriminated against plaintiffs when, after plaintiff Wahl initiated his

---

1. The FLSA was not applicable to state and local governments, *National League of Cities v. Usery,* 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), until 1985 when the United States Supreme Court held that the FLSA applied to employees of the states and their political subdivisions. *Garcia v. San Antonio Metropolitan Transit Authority,* 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985). While Congress subsequently amended the FLSA to apply to state and local government employees, it delayed the amendment's application until April 15, 1986. Pub.L. 99–150, 99 Stat. 787 (1985). Consequently, in the state court action, as in the instant action, plaintiffs sought damages under the FLSA only from April 15, 1986.

state court action, the City instituted a new rule requiring officers to "log in" their in-shift meal periods on a daily activity sheet.

### Conclusions of Law
### Payment of Costs Under Rule 41(d)

■ Defendant initially seeks an order requiring plaintiffs to pay costs and attorney fees from the previously dismissed state court action. Further, defendant requests that the instant proceedings be stayed until such payment by plaintiffs is made. Defendant contends such an order is justified and proper under Fed.R.Civ.P. 41(d). That rule provides:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

■ Rule 41(d) is intended to confer broad discretion upon federal courts. *United Transportation Union v. Maine Central Railroad Corp.*, 107 F.R.D. 391, 392 (D.Me.1985) (citing 5 MOORE'S FEDERAL PRACTICE ¶ 41.16, at 41–224). The rule is permissive in nature and does not require the issuance of an automatic stay. *Id.* The object of the rule is to prevent vexatious suits and secure the payment of costs. MOORE'S FEDERAL PRACTICE, *supra*, at 41–225.

Defendant argues that an order requiring plaintiffs to pay defendant's costs of the previously dismissed state court action would be an appropriate exercise of the court's discretion because defendant has been forced to defend against the same claims in this court and in the state court action. Plaintiffs argue, however, that imposition of costs is inappropriate here because costs were not taxed in the state court proceeding and only costs taxed in the earlier proceeding may be paid.

In support of this contention, plaintiffs cite *Phoenix Canada Oil Co. Ltd. v. Texaco, Inc.*, 78 F.R.D. 445 (D.Del.1978). In that case, the court considered four factors in determining whether to grant costs and a stay under Rule 41(d): (1) whether costs were assessed by the judge in a prior action; (2) whether the parties to the action were the same; (3) whether a showing of financial ability was made; and (4) the likelihood of plaintiffs' success in the second suit. 78 F.R.D. at 448. These factors are not, however, exhaustive or exclusive criteria to be considered by the court in exercising its discretion under Rule 41(d), but are simply criteria that may, in appropriate circumstances, influence the formulation. *United Transportation Union*, 107 F.R.D. at 392.

While the parties in the instant case are the same, no costs were assessed in the state court action. More importantly, there has been no showing that plaintiffs' filing of suit in this court was motivated by vexatious intent. Rather, plaintiffs filed the instant action only after the Kansas Supreme Court issued its opinion in *Atteberry v. Ritchie*, 243 Kan. 277, 756 P.2d 424, a case with similar facts. After examining that opinion and considering its scope, plaintiffs decided to dismiss their state court action, which was grounded on state law claims, and file instead an action in federal court based primarily upon the FLSA. Under these circumstances, the court finds that plaintiffs acted in good faith and defendant's motion for costs and attorney fees of the previously dismissed state court action is denied.

### Overtime Compensation for In–Shift Meal Periods

■ Plaintiffs' primary claim in this action is that they are entitled, under the FLSA, to receive overtime compensation for their half hour in-shift meal periods because they are not relieved of their duties during their meal breaks. Defendant asserts that dismissal of plaintiffs' FLSA claim is required as a result of the Kansas Supreme Court's ruling in *Atteberry v. Ritchie*, 243 Kan. 277, 756 P.2d 424.

In *Atteberry*, current and former Shawnee County deputy sheriffs sought overtime compensation for their one hour in-shift meal periods. The collective bargain-

ing agreement in effect between the County and the FOP provided that deputy sheriffs were normally to work eight hours per day, excluding the meal period; that the meal period was to be unpaid time and was to be no more than 60 minutes, and if an employee worked during the meal period he was to be paid at the appropriate contract rate. 243 Kan. at 278, 756 P.2d 424. The agreement also contained a detailed grievance and binding arbitration procedure for purposes of resolving disputes as to the interpretation or application of the contract. *Id.*

The trial court in *Atteberry* held defendants were liable to plaintiffs for compensation during meal periods. On appeal, the Supreme Court of Kansas reversed the trial court and determined the collective bargaining agreement did not provide for overtime compensation for meal periods. The appellate court initially noted that plaintiffs were barred from recovering under the terms of the collective bargaining agreement because plaintiffs failed to exhaust their contractual and administrative remedies as set forth in the collective bargaining agreement.

Despite its determination that plaintiffs were barred from making such claims, the Kansas Supreme Court proceeded to consider plaintiffs' claim for overtime compensation because "both parties at oral argument voiced the opinion that it was necessary, or at least advisable, for this court to determine whether the mealtime restrictions were such that appellees were 'at work' during meal periods." 243 Kan. at 284, 756 P.2d 424. The court held:

> The negotiated agreements in this case clearly indicate the intent of the parties that compensation was only to be paid for mealtime when the officer was called upon to perform law enforcement duties during a meal period. The restrictions are not so onerous or confining that compliance with them constituted working by the deputies. The mere fact of being available to respond to a call by a superior officer or to assist a citizen in distress does not constitute work during the meal period. The stipulation of facts contained in the record indicates individual deputies, during meal periods, were able to keep medical and dental appointments, obtain haircuts, attend college classes, make purchases, engage in various sporting activities, and throw darts with the sheriff. We hold that unless called upon to actually perform law enforcement duties as contemplated by the MOU [collective bargaining agreement], the existence of the restrictions on the deputies' mealtime activities do not, per se, result in work by the appellees.

243 Kan. at 286, 756 P.2d 424 (emphasis added).

Defendant argues the instant case is indistinguishable from *Atteberry* and this court must find, as did the Kansas Supreme Court, that plaintiffs are not entitled to be compensated for their meal periods unless they are actually called upon to work during that period. Hence, defendant contends plaintiffs' FLSA claim for overtime compensation for in-shift meal periods must be dismissed.

Plaintiffs argue *Atteberry* is inapplicable here because the decision in that case was not decided under the FLSA, but rather, was based upon the intent of the parties as expressed in the collective bargaining agreement. The court agrees. While the instant case is like *Atteberry* in that a collective bargaining agreement governs the rights of the parties, it is unlike *Atteberry* in that plaintiffs here claim a violation of the FLSA. Specifically, plaintiffs contend the City's refusal to recognize the officers' half hour meal periods as compensable work time violates the FLSA provision requiring payment of time and one-half of an employee's "regular rate" of pay for all hours worked in excess of 40 hours per work week. 29 U.S.C. § 207(a)(1). Plaintiffs point out that the regulations implementing the Act address the issue of what is considered "work" and specifically address the circumstances in which "meal periods" are "worktime":

> Bona fide meal periods are not worktime. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. *The employee must be completely relieved from duty*

for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. *The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating.* For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating.

29 C.F.R. § 785.19 (1987) (emphasis added).

■ While the court is not yet concerned with the question of whether, under the facts of this case, plaintiffs' meal periods are compensable under the FLSA, it is convinced that plaintiffs have adequately stated a claim for violation of the FLSA. Moreover, the court is not persuaded by the fact that the collective bargaining agreement provides for one 30–minute unpaid meal period per day. As plaintiffs point out, if the provisions of a pay plan or collective bargaining agreement run counter to the FLSA, the provision is to be given no effect. *See, e.g., Barrentine v. Arkansas–Best Freight System, Inc.*, 450 U.S. 728, 740–41, 101 S.Ct. 1437, 1444–45, 67 L.Ed.2d 641 (1981) (congressionally granted FLSA rights take preference over conflicting provisions in a collectively bargained compensation agreement). *See also Donovan v. Brown Equipment & Service Tools, Inc.*, 666 F.2d 148, 152 (5th Cir.1982); *Loveday v. Camel Manufacturing Co.*, 326 F.Supp. 1388 (E.D.Tenn.1970).

Further, while it is not binding upon this court, the court notes its agreement with Judge O'Connor's analysis in *Nixon v. City of Junction City*, No. 87–2321, slip op., —— F.Supp. —— (D.Kan. Sept. 27, 1988). In that case, members of the Junction City police force claimed the City violated the FLSA by failing to pay them overtime for their half hour in-shift meal periods. In

*Nixon*, as in the instant case, defendant argued the Kansas Supreme Court's decision in *Atteberry v. Ritchie*, 243 Kan. 277, 756 P.2d 424, required a finding that plaintiffs' meal periods were not compensable. Judge O'Connor noted that *Atteberry* was distinguishable for two reasons. First, it was not decided under the FLSA. Second, compensation for meal periods was the subject of a negotiated agreement.[2] At pp. 425–26. Judge O'Connor went on to hold that patrolmen's lunch periods were compensable under the FLSA because the officers were not completely relieved of duty during their 30–minute lunch breaks. At 426.[3]

While the officers in the instant case are subject to a negotiated agreement, the court is still persuaded, for the reasons discussed above, that *Atteberry* is inapplicable here because it was not decided under the FLSA. Accordingly, the court denies defendant's motion for summary judgment on plaintiffs' claim for overtime compensation under the FLSA.

*Breach of Contract Claim*

■ Plaintiffs also seek compensation under the collective bargaining agreement for defendant's denial of overtime for missed in-shift meal periods. The City seeks dismissal of this claim on the ground that plaintiffs failed to exhaust contractual remedies provided for under the Agreement.

The City points out that while plaintiff Coffman did initiate grievance procedures pursuant to the contract with respect to this claim, his grievance was ultimately denied by the grievance board for failure to follow grievance procedures outlined in the Agreement. Further, Coffman did not appeal this denial to the city manager, as provided for in the Agreement. Thus, defendant argues plaintiffs' breach of con-

**2.** Although the officers in *Nixon* were not subject to a collective bargaining agreement, they were bound by the written rules contained in the general orders of the Junction City Police Department. At ——.

**3.** On defendant's subsequent motion for reconsideration, Judge O'Connor held that "[a]lthough the defendant's motion did not con-

vince the court to reconsider its conclusion that patrolmen's lunch periods are compensable time, the court has decided that, in an abundance of caution and in recognition of the importance of this decision to the practicing bar, it will 'reactivate' the issue of the compensability of patrolmen's lunch periods for trial." *Nixon v. City of Junction City*, —— F.Supp. —— at —— (D.Kan.1988).

tract claim is barred for failed to exhaust contractual remedies.

Plaintiffs do not attempt to argue that Coffman exhausted his contractual remedies, but rather, they contend Coffman was not required to exhaust contractual remedies because to do so would have been "futile".

An employee cannot "sidestep" the grievance machinery provided for in a collective bargaining agreement. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 563, 96 S.Ct. 1048, 1055, 47 L.Ed.2d 231 (1976). Moreover, if an employee fails to utilize the contractual procedures for settling his dispute with his employer, his independent suit in the district court must be dismissed. *Id. See also Republic Steel Corp. v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). The only exceptions to the rule that grievance procedures must be exhausted before bringing an action on the contract occur when the plaintiff alleges the union has breached its duty of fair representation *or* when the plaintiff claims that the resort to the grievance procedure would be futile. *Aquinaga v. John Morrell & Co.*, 602 F.Supp. 1270, 1274 (D.Kan. 1985).

Since plaintiffs herein have not alleged a breach of the union's duty of fair representation, the only exception to the exhaustion requirement which may apply is the "futility" exception. The Tenth Circuit Court of Appeals, in *Fizer v. Safeway Stores, Inc.*, 586 F.2d 182 (10th Cir.1978), held that a claim of futility, if proved, suspends the usual rule of exhaustion. The court further noted, however, that in order to succeed with such a claim, plaintiff must make a " 'clear and positive showing of futility.' " 586 F.2d at 183 (quoting *Imel v. Zohn Mfg. Co.*, 481 F.2d 181, 184 (10th Cir.1983), *cert. denied*, 415 U.S. 915, 94 S.Ct. 1411, 39 L.Ed.2d 469 (1984).

In *Fizer*, the court found that "plaintiff's vague and subjective conclusions of Union turmoil and officer indifference, stated only in his deposition, are insufficient to show that his charges would not have received a fair hearing within the Union." 586 F.2d at 183–84. Similarly, in this case, defendant argues plaintiffs have failed to assert the facts necessary to support a futility claim. The court agrees.

In support of their claim of futility, plaintiffs suggest only that plaintiff Coffman "reasonably believed" an appeal of the denial of his claim would be a "waste of time" because the city manager was known to "rubber stamp" decisions of Chief LaMunyon. The court finds this "belief" insufficient to support a claim of futility as that doctrine has been defined by the Tenth Circuit, and insufficient to overcome the requirement of exhaustion of contractual remedies. Accordingly, the court grants defendant's motion for summary judgment with respect to plaintiffs' breach of contract claim.

*Retaliation/Discrimination Claim*

■ In Count III of their complaint, plaintiffs claim that defendant violated § 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), and 42 U.S.C. § 1983 when it disciplined officers for failure to comply with a rule requiring officers to "log in" their in-shift meal periods on their daily activity sheet, a rule adopted after plaintiff Wahl filed suit in state court.

Defendant asserts this claim must also be dismissed because it is essentially a breach of contract claim and plaintiffs were therefore required to exhaust their contractual remedies before bringing suit in the district court. Defendant points out that the Agreement specifically addresses the right of the City to make and execute decisions and policies that are necessary to operate and maintain the City and its programs. Since plaintiffs are complaining about a policy requiring them to log in their meal periods and about the discipline administered for failure to follow that rule, defendant argues plaintiffs' claim is, in reality, a breach of contract claim.

Plaintiffs point out, however, that they are claiming that defendant violated § 15(a)(3) of the FLSA, which prohibits "discharg[ing] or in any other manner discriminating against any employee because such employee has filed any complaint, or instituted or caused to be instituted any proceeding under or related to this chapter." Plaintiffs further contend that the

provisions of the FLSA exist independently and apart from the labor management contract, and therefore plaintiffs' claim for violation of the FLSA is not subject to exhaustion requirements.

The court is well aware that the enforcement scheme of the FLSA does not require exhaustion of contractual or procedural remedies prior to an employee's filing of a claim in federal or state court. *See Barrentine v. Arkansas–Best Freight System, Inc.*, 450 U.S. 728, 740, 101 S.Ct. 1437, 1444, 67 L.Ed.2d 641 (1981). However, the court is convinced that plaintiffs' retaliation/discrimination claim is, in reality, a claim for breach of contract, and as such, plaintiffs must exhaust contractual remedies prior to bringing an action in this court. Plaintiffs are complaining of a rule adopted by the City and of the disciplinary consequences of violation of that rule. The City is clearly permitted to adopt such a rule under the provisions of the Agreement allowing it to make and execute decisions and policies necessary to operate the City and maintain its programs. The court agrees with defendant that plaintiffs' objection to the adoption of such a rule is a matter uniquely suited to the contractual remedies provided for under the contract. Therefore, the court grants defendant's motion for summary judgment with respect to plaintiffs' retaliation/discrimination claim.

### Rule 11 Sanctions

Finally, defendant seeks sanctions against plaintiffs and their counsel under Fed.R.Civ.P. 11. The City contends sanctions are warranted because plaintiffs have essentially refiled the same action as earlier presented in state court.

As earlier discussed, plaintiffs have presented a valid claim for overtime compensation under the FLSA and plaintiffs were clearly entitled to bring their action in this court. The court therefore finds the imposition of Rule 11 sanctions to be inappropriate in this case.

### Class Certification

Plaintiffs have pending a motion for class certification pursuant to Fed.R.Civ.P. 23 and FLSA § 16(b). A status conference is scheduled in this case on January 13, 1989, at 10:00 A.M., at which time the court will set briefing schedules and take up discussion with regard to further proceedings.

IT IS ACCORDINGLY ORDERED this 21 day of December, 1988, that defendant's motion for summary judgment is granted with respect to plaintiffs' claims of breach of contract and retaliation/discrimination, but is denied as to plaintiffs' claim for overtime compensation under the FLSA. IT IS FURTHER ORDERED that defendant's motions for costs and attorney fees of the previously dismissed state court action and for Rule 11 sanctions are denied.