Margaret SEWELL, Plaintiff,

v.

WAL–MART STORES, INC., Defendant.

Civ. A. No. 91–CV–4053.

United States District Court,
D. Kan.

May 28, 1991.

Robert Owen Watchous, Olathe, Kan., for plaintiff.

Les E. Diehl, Gerald L. Goodell, Goodell, Stratton, Edmonds & Palmer, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion for costs, stay of proceedings and an accelerated discovery schedule in this action, removed by defendant from state court, involving a "slip and fall" by plaintiff at defendant's Wal–Mart store in Lawrence, Kansas.

In its motion, defendant contends that it is entitled to a stay of proceedings and payment of costs pursuant to Rule 41(d) of the Federal Rules of Civil Procedure. Rule 41(d) provides:

> **(d) Costs of Previously Dismissed Action.** If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

As previously stated in *Wahl v. City of Wichita,* 701 F.Supp. 1530, 1533 (D.Kan. 1988):

> Rule 41(d) is intended to confer broad discretion upon federal courts. *United Transportation Union v. Maine Central Railroad Corp.,* 107 F.R.D. 391, 392 (D.Me.1985) (citing 5 *Moore's Federal Practice* § 41.16, at 44–224). The rule is permissive in nature and does not require the issuance of an automatic stay. *Id.* The object of the rule is to prevent vexatious suits and secure payment of costs. *Moore's Federal Practice, supra,* at 41–225.

The factual bases for defendant's motion are undisputed and may be briefly summarized as follows. On September 1, 1989, plaintiff Margaret Sewell filed a petition in Douglas County District Court seeking damages against defendant Wal–Mart for injuries allegedly resulting from a fall by plaintiff at defendant's Lawrence, Kansas store on February 4, 1988. On September 21, 1989, defendant removed the case to this court. Thereafter, defendant conducted discovery, including taking plaintiff's deposition and depositions of two of plaintiff's treating physicians; plaintiff conducted no formal discovery. On August 29, 1990, plaintiff filed a motion to dismiss her complaint without prejudice; on August 31, 1990, this court, by order of the Honorable Richard D. Rogers of this District, dismissed plaintiff's action without prejudice. On February 27, 1991, plaintiff filed a second action in Douglas County District Court identical to that which she previously filed and voluntarily dismissed; on March 26, 1991, defendant again removed the action to this court.

Defendant contends that plaintiff "has attempted to gain an advantage by her dismissal and refiling of her lawsuit, all to the prejudice of the defendant." Defendant's Motion at 5. Defendant contends that it had gone to "great effort to prepare this case for trial," that plaintiff had done little trial preparation and offered no explanation for her need for the previous dismissal. Defendant thus contends that it is entitled to a stay and costs under Rule 41(d). In response, plaintiff contends that the prior dismissal was by plaintiff's former counsel "without her consent." Plaintiff's Response at 1. She also contends that this second filing is not vexatious, that she is not attempting to gain an advantage by refiling, that defendant has not been prejudiced because it can use its previously-obtained discovery in this suit and that she is financially destitute, and unable to pay an award of costs.

Upon consideration of the parties' arguments, the court finds that defendant's motion for costs and attendant stay should not be granted. First, the court notes that plaintiff's prior dismissal was without prejudice and that defendant did not seek an award of costs or to impose any other conditions on plaintiff's dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure at the time of the first dismissal. Second, and most importantly, the court finds no evidence of vexatious intent, or that plaintiff was attempting to gain any tactical advantage by dismissing and refiling this suit. *See Wahl,* 701 F.Supp. at 1533 (denying defendant's motion for costs under Rule 41(d) where the court found no showing of vexatious intent on plaintiffs' part in filing the second suit). Third, the court finds that plaintiff's contention that she is financially unable to bear costs weighs against granting defendant's motion. *See id.* (citing four factors, including financial ability, considered by the court in *Phoenix Canada Oil Co. v. Texaco, Inc.,* 78 F.R.D. 445 (D.Del.1978) in exercising its discretion under Rule 41(d)). Thus, defendant's motion will be denied as to its request for costs and a stay of proceedings. The court finds that defendant's request, contained in its motion, for an accelerated discovery schedule is properly addressed to the United States Magistrate Judge for decision by means of a separately-filed motion.

IT IS BY THE COURT THEREFORE ORDERED that the motion of defendant Wal–Mart Stores, Inc. for costs, stay of proceedings, and accelerated discovery schedule (doc. 6) is denied.