Robert A. KRATAGE and Olga Trujillo–Kratage, Plaintiffs,

v.

The CHARTER TOWNSHIP OF COMMERCE and Robert H. Long, Thomas K. Zoner, Susan Gross, Richard Higginbotham, Robert McGee, Daniel Munro and Richard Sovel, Individually and in their capacities as Trustees for the Commerce Township. Board of Trustees, Defendants.

Civil Action No. 95–40282.

United States District Court,
E.D. Michigan,
Southern Division.

April 30, 1996.

John D. Mulvihill, Bailey & Rossi, Bloomfield Hills, MI, for Thomas K. Zoner.

Olga Trujillo–Kratage, Delray Beach, FL, pro se.

Robert A. Kratage, Delray Beach, FL, pro se.

### ORDER GRANTING MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 AND DISMISSING THE PLAINTIFFS' AUGUST 29, 1995 COMPLAINT

GADOLA, District Judge.

Presently before this court is a motion filed by defendants Charter Township of Commerce and Thomas K. Zoner for sanctions pursuant to Federal Rules of Civil Procedure 11(b) and 41(d). The defendants filed the present motion on December 14, 1995, requesting costs and attorney fees on the ground that the plaintiffs' August 29, 1995 complaint asserts claims that have already been dismissed by this court on at least five occasions. The defendants specifically request the following relief:

(1) that the plaintiffs pay $1,000 in costs for refiling this action, as provided in an order entered by Judge Robert E. DeMascio on August 24, 1990 (case no. 89–cv–73754) (E.D.Mich.1989).

(2) that this court award costs and attorney fees of $5,000 for the re-filing of this action because it is frivolous and intended only to harass the defendants.

(3) that this court stay any further proceedings in this matter until the plaintiffs have complied with Judge DeMascio's order regarding the payment of costs as set forth above.

As it appears from the record, this case is in somewhat of an awkward procedural position. In response to the August 29, 1995 complaint, the defendants filed a motion for a more definite statement pursuant to Rule 12(e). That motion was granted by Magistrate Judge Donald A. Scheer on October 26, 1995. The plaintiff was ordered to file an amended complaint within ten days of that order. No amended complaint was ever filed.

In light of the plaintiffs' failure to amend their August 29, 1995 complaint or otherwise comply with Magistrate Judge Scheer's October 26, 1995 Order, this court finds that dismissal of the complaint is warranted. Federal Rule of Civil Procedure 12(e) independently authorizes this court to dismiss a complaint for failure to amend the pleadings as directed. *Schaedler v. Reading Eagle Publication, Inc.,* 370 F.2d 795, 798 (3rd Cir.1967). Although dismissal under 12(e) forecloses inquiry into the merits of the action, this court finds dismissal appropriate in this case, as a review of the August 29, 1995 complaint reveals that the plaintiffs are merely attempting to promote claims that have already been adjudicated several times.

Even a casual reading of the plaintiffs' August 29, 1995 complaint discloses that this is the same action that the plaintiffs have filed against these defendants numerous times before. The first litigation started in 1983 before the Oakland County Circuit Court. The plaintiffs sought damages for the denial of a site plan to develop condominiums on a 99 acre parcel on the northeast

corner of Bogie Lake Road and Wise Road in Commerce Township. That case was dismissed by summary judgment on January 10, 1984 and affirmed by the Michigan Court of Appeals.

On June 19, 1985, the plaintiffs filed an action in the United States District Court for the Eastern District of Michigan, alleging that Commerce Township officials conspired to deprive the plaintiffs of their federal civil rights through building and zoning ordinances. (Case no. 85–cv–72764) On July 9, 1985, Judge Suhrheinrich dismissed that complaint, but granted the plaintiffs 20 days in which to file an amended complaint. Judge Suhrheinrich dismissed the action on July 31, 1985, because no amended complaint was filed.

Two years later, the plaintiffs filed another action in the Eastern District on August 18, 1987 against Commerce Township and its planning and zoning officials, alleging violations of §§ 1981 and 1982 and RICO and Michigan's Elliott–Larsen Civil Rights Act. (Case no. 87–cv–73092). On September 30, 1987, Judge DeMascio dismissed the RICO claim for failure to state a claim under that statute and ordered the plaintiffs to amend their complaint regarding the §§ 1981 and 1982 claims within 5 days or face dismissal. Because the plaintiffs failed to amend their complaint, Judge DeMascio dismissed the complaint (without prejudice as to the state law civil rights claim) on October 27, 1987.

On March 1, 1988, the plaintiffs filed yet another action in the Oakland County Circuit Court against Commerce Township based upon the site plan denial which formed the basis of their previous Oakland County Circuit Court complaint. The plaintiffs also asserted claims of race discrimination and violations of § 1982. On May 5, 1988, the state court granted the defendant's motion for summary judgment, based upon res judicata. The court also ordered the plaintiffs to pay costs and attorney fees of $1,000.

Returning again to the Eastern District, the plaintiffs filed another action against Commerce Township on September 28, 1989, alleging a conspiracy to maintain a white community and discrimination based upon the denial of the site plan in 1983. (Case no. 89–cv–73754). On August 24, 1989, Judge DeMascio granted the defendant's motion for summary judgment based on res judicata and dismissed the plaintiff's complaint. Judge DeMascio denied without prejudice the defendant's requests for costs and fees under Rule 41(d), allowing the defendants to refile for these costs if the plaintiffs filed this action again.

On August 29, 1995, the plaintiffs filed the present action alleging violations of §§ 1981 and 1982 and racial discrimination based upon the same incidents alleged in the previous actions. Clearly, this action is barred by the doctrine of res judicata. *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir.1978) ("Where two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit."). The plaintiffs' most recent complaint is premised entirely upon facts and theories previously dismissed on the merits by this court and the state courts, namely the allegedly racially discriminatory denial of a site plan to develop property in Commerce Township. This complaint must be dismissed.

The explication of the history of this litigation demonstrates not only that dismissal of this complaint is warranted, but that an award of sanctions pursuant to Rule 11 is also appropriate.[1] Rule 11 imposes an

---

1. It should be noted that this court is authorized to grant at least a portion of the defendants' requested relief pursuant to Federal Rule of Civil Procedure 41. Rule 41(d), entitled Costs of Previously–Dismissed Action, provides:

If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

Clearly, Rule 41(d) authorizes this court to award the defendants' requested stay of these proceedings and $1,000. *See, e.g. Wahl v. City of Wichita*, 701 F.Supp. 1530, 1533 (D.Kan.1988). Although, this relief is authorized, this court finds that a stay of these proceedings would serve no useful purpose, except to delay resolution of this matter. Moreover, this court finds that any monetary relief can be provided through an award of sanctions pursuant to Rule 11.

affirmative duty upon any individual who signs a pleading, motion or other paper filed in federal court to conduct a reasonable inquiry into the issues presented in that filing to assure that the document is well grounded in fact, the positions taken are warranted by existing law or as good faith arguments for the extension or modification of existing law, and the document is not filed for an improper purpose, such as harassment. Fed.R.Civ.P. 11; *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir.1989). To determine whether Rule 11 has been violated, the court must assess whether the individual's conduct was objectively reasonable under the circumstances. *Business Guides v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 554, 111 S.Ct. 922, 934–35, 112 L.Ed.2d 1140 (1991); *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir.1990).

The plaintiffs in this case have had complaints based upon factual and legal theories contained in their August 29, 1995 complaint dismissed on the merits no fewer than five times. In each of the federal court actions (85–72764, 87–73092 and 89–73754), the plaintiffs have been ordered to amend their complaint, but have failed to do so. As noted previously, they have failed to comply with a similar order by this court. In light of the repeated failure of the plaintiffs to articulate a viable claim against the defendants or to comply with the directives of this court, this court finds that sanctions under Rule 11 are appropriate.

Additional support for this conclusion is found in a recent communication between plaintiff Robert Kratage and counsel for the defendants. Counsel for the defendants has submitted an affidavit indicating that, on September 25, 1995, the plaintiff disclosed that he had a "vendetta" against Commerce Township and that he intended to continue instigating litigation against the Township long after defense counsel passes on. It is clear that the present litigation meets the standard for sanctions under Rule 11, as it is meritless and filed with the sole intent to harass the defendants. Fed.R.Civ.P. 11(b).

In fashioning an appropriate sanction, the court may consider past conduct of the individual responsible for violating Rule 11. *Kramer v. Tribe*, 156 F.R.D. 96, 104 (D.N.J.1994). Rule 11 gives the court wide discretion in selecting an appropriate remedy, but this discretion is not unlimited. Fed. R.Civ.P. 11(c)(2). Before issuing a monetary sanction, the court must make some inquiry into the individual's ability to pay such a sanction, even where the offended party's actual expenses and cost appear reasonable. *Jackson*, 875 F.2d at 1230. The burden to present probative evidence of financial status or of an inability to pay sanctions rests, however, upon the individual being sanctioned. *Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir.1993); *In re Kunstler*, 914 F.2d 505, 524 (4th Cir.1990). Absent such evidence, the court should nonetheless avoid imposing a monetary sanction that will have the effect of bankrupting the offender or of driving him from the practice of law. *In re Kunstler*, 914 F.2d at 524.

Rule 11 also provides that any sanctions imposed "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed.R.Civ.P. 11(c)(2); *Jackson*, 875 F.2d at 1229; *Doering v. Union County Board of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir.1988). It also authorizes sanctions of a nonmonetary nature. Courts in the Eastern District recognize that an injunction is appropriate, even where the litigant has not been involved in multiple actions, where that litigation has been unusually protracted or burdensome, and the losing party simply refuses to be bound by the outcome. *Michigan v. City of Allen Park*, 573 F.Supp. 1481, 1488 (E.D.Mich.1983). This district has also adopted a five factor test to determine whether a permanent injunction restricting access to the courts is warranted. These factors include the litigant's history of litigation, his motive, whether he is represented by counsel, the needless expense or burden caused by the litigation, and the adequacy of alternative forms of sanctions. *Kersh v. Borden Chemical*, 689 F.Supp. 1442, 1450 (E.D.Mich.1988) (adopting the

standard applied in *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir.1986)). Any injunctive sanction must, however, be sufficiently tailored to the vice so as not to infringe upon the litigator's right of access to the courts. *Kersh*, 689 F.Supp. at 1450.

The prior holdings of this and other courts throughout the 13 year history of this litigation ineluctably lead this court to the conclusion that permanent injunctive relief is warranted to prevent the plaintiffs from persisting in their harassing pursuit of these claims against the defendants. From the record in this case, and the vehemence expressed by plaintiff Robert Kratage at the April 3, 1996 hearing on this matter, this court is not satisfied that monetary sanctions alone will succeed in deterring the plaintiffs' litigious disposition in this matter. Accordingly, this court will impose sanctions consisting of an award of $5,000, constituting an amount of reasonable attorney fees and costs incurred by the movants in defense of this and the previous actions, and a permanent injunction prohibiting the plaintiffs from filing any future civil lawsuit based upon or arising out of any of the legal or factual claims alleged in this action and the actions underlying it.

### *ORDER*

Therefore, it is hereby **ORDERED** that defendants' motion for costs and sanctions pursuant to Federal Rule of Civil Procedure 11(b) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiffs' August 29, 1995 complaint is **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 12(e).

**IT IS FURTHER ORDERED** that the plaintiffs, Robert A. and Olga Kratage, pay a monetary sanction in the amount of $5,000.00, representing the total amount of reasonable attorney fees and costs incurred by the defendants in connection with the defense of this and previous actions.

**IT IS FURTHER ORDERED** that the plaintiffs, Robert A. and Olga Kratage, are permanently enjoined from filing any civil lawsuit alleging or asserting factual or legal claims based upon or arising out of any of the legal or factual claims alleged in this action or any of the actions underlying it.

**IT IS FURTHER ORDERED** that the plaintiffs shall seek leave and written permission from this court before filing any new civil actions or pleadings in the United States District Court for the Eastern District of Michigan concerning the subject matter of this action and shall certify under oath or affirmation, subject to the pain and penalty of perjury or false statement, that any new complaint or motion involves new matters never before decided on the merits by this or any other court of competent jurisdiction.

**IT IS FURTHER ORDERED** that, subject to the provisions of this Order, and particularly the above-ordered paragraph of this Order, the clerk is hereby directed not to accept any further Complaints or pleadings from the plaintiffs which are not accompanied by such a certification under oath or affirmation.

**SO ORDERED.**