Dean M. FIZER, Plaintiff-Appellant,

v.

SAFEWAY STORES, INC., a Maryland Corporation, and Delivery Drivers, Warehousemen and Helpers, Local No. 435 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, Defendants-Appellees.

No. 77–1960.

United States Court of Appeals, Tenth Circuit.

Submitted May 8, 1978.

Decided Nov. 6, 1978.

Dean M. Fizer, pro se.

Gregory A. Eurich of Holland & Hart, Denver, Colo., for appellee Safeway Stores.

James C. Fattor of Hornbein, MacDonald & Fattor, Denver, Colo., for appellee Delivery Drivers, Warehousemen and Helpers, Local No. 435 of the Intern. Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

Before LEWIS, McWILLIAMS and BARRETT, Circuit Judges.

LEWIS, Circuit Judge.

Plaintiff filed this action in the district court for the District of Colorado under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, alleging a wrongful discharge by employer Safeway and a violation of the Union's duty to fairly represent him during the course of grievance proce-dures. These procedures went to arbitration and resulted in a decision that plaintiff was properly discharged for on-the-job intoxication. The plaintiff was represented during the arbitration by both a Union attorney and private counsel.

In his § 301 complaint he seeks to have the finality of the arbitration decision voided under claim that the Union failed to present the testimony of a toxicologist concerning the contents of a bottle of pills which he had on his person during the night of the incident. He states this failure to be arbitrary and perfunctory conduct by the Union amounting to a breach of duty. He reasserts, as against Safeway, that he was wrongfully discharged under its bargaining agreement. The trial court, having before it the complaint and responsive pleadings by the defendants, the deposition of both plaintiff and the arbitrator, and the latter's exhaustive opinion filed in the hearing which details the evidence and makes credibility findings on disputed issues, granted summary judgment to defendants.

I. The Union

In his judicial complaint plaintiff does not assert that he had exhausted his internal remedies against the Local and it is admitted fact that he made no official approach in that direction. The Union's constitution clearly outlines the necessity of exhausting internal remedies pertaining to a claim of misrepresentation by the Union to the detriment of the claimant before filing any court suit against the Union. Plaintiff admits he ignored his obligation but argues nevertheless, that any such effort would have been futile. That a claim of futility, if proved, suspends the usual rule of exhaustion is clear. *See Glover v. St. Louis-San Francisco Railway Co.,* 393 U.S. 324, 329–31, 89 S.Ct. 548, 21 L.Ed.2d 519. Plaintiff's claims in this case, however, do not approach the "clear and positive showing of futility" which we have stated need be made. *Imel v. Zohn Mfg. Co.,* 10 Cir., 481 F.2d 181, 184, *cert. denied,* 415 U.S. 915, 94 S.Ct. 1411, 39 L.Ed.2d 469. His vague subjective conclusions of Union's

turmoil and officer indifference, stated only in his deposition, are insufficient to show that his charges would not have received a fair hearing within the Union. The fact remains that he never actually filed charges in accordance with the constitution and therefore never gave the system a chance to work. In light of plaintiff's failure in this effort, summary judgment in favor of the Union was clearly correct under our decision in *Imel, supra*. We reaffirm the principle on which that case was based, that the court should stay its hand to avoid " 'interference with the internal affairs of a labor organization until it has had at least some opportunity to resolve disputes concerning its own internal affairs.' " *Imel, supra*, at 183, citing *Brady v. Trans World Airlines, Inc.*, 3 Cir., 401 F.2d 87, 104, *cert. denied*, 393 U.S. 1048, 89 S.Ct. 680, 21 L.Ed.2d 691. That principle is equally applicable to this case. Our recent decision in *Foust v. Electrical Workers*, 572 F.2d 710, 716–17,[1] is not to the contrary and is premised on Union conduct not present in the case at bar.

## II. The Employer

■ Our affirmance of the trial court judgment as to the Union reaches neither the merits of the issue of fair representation nor the issue of allowable discharge. It is based solely on the failure to exhaust intraunion procedures contained in the Union constitution and admissions contained in plaintiff's deposition which negate rather than establish the futility of pursuing these remedies. Exhaustion of remedy is a defense available to the employer under a bargaining agreement, *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580, but not under these circumstances. *See Orphan v. Furnco Construction Corporation*, 7 Cir., 466 F.2d 795, 799–800; *Harrison v. Chrysler Corp.*, 7 Cir., 558 F.2d 1273; *Petersen v. Rath Packing Co.*, 8 Cir., 461 F.2d 312, 315; *Retana v. Apartment Operators, Local 14*, 9 Cir., 453 F.2d 1018, 1027 n. 16. As a result we must reject Safeway's contention that it is a beneficiary of the Union-employee contract contained in the Union constitution. So, too, we must reject Safeway's argument that the outcome of the arbitration would have been the same regardless of whether plaintiff's present claims had been fully explored by the toxicologist's testimony during the hearing. This argument is based on the deposition of the arbitrator who states he would have reached the same result. A summary judgment cannot be so premised.

■ Safeway's position is the classic one considered by the Supreme Court in *Hines v. Anchor Motor Freight*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231. The finality of the arbitration weighs heavily in its favor and cannot be upset by plaintiff except under exceptional circumstances. Plaintiff is entitled to his day in court but can only succeed by carrying an extremely heavy burden of proof. Plaintiff must clearly show a breach of duty by the Union (denied by the Union in its pleadings and otherwise) and that his discharge was wrongful. In the latter regard he admits in his deposition that he had been drinking (but was not drunk); that he was in no condition to drive (due to being slipped a Mickey); and that testimony given against him by fellow employees at arbitration was not truthful. These claims, however, may strain credibility but cannot be rejected as a matter of law.

The judgment is affirmed for the Union; reversed as to Safeway and remanded for appropriate proceedings.

---

1. Cert. granted ·· U.S.     , 99 S.Ct. 248, 58 L.Ed.2d 237 (1978), but on a single issue not relevant to the case at bar.