**Terry COX, Plaintiff,**

v.

**ESSEX GROUP, INC., Defendant.**

**No. 92–4073–RDR.**

United States District Court, D. Kansas.

Nov. 10, 1993.

---

**1444**

Frederick J. Patton, Patton and Patton, Topeka, KS, for plaintiff.

Daniel B. Denk, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, Thomas H. Bornholdt, Neill, Bornholdt & Terrill, Overland Park, KS, for defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is an action brought by the plaintiff pursuant to § 301 of the Labor–Management Relations Act, 29 U.S.C. § 185. Plaintiff is an employee of the defendant and is covered by the terms of a collective bargaining agreement ("CBA") between the defendant and Local Union No. 851 of the United Rubber, Cork, Linoleum and Plastic Workers of America ("union"). Plaintiff contends that the defendant has violated the terms of the CBA. He asserts that the defendant has failed to offer him overtime work as required by Article VI, Section 6(c) of the CBA. This matter is presently before the court upon the defendant's motion for summary judgment.

In the motion for summary judgment, the defendant raises three arguments. First, defendant argues that the court lacks jurisdiction to consider plaintiff's claim. Second, it asserts that plaintiff's claim is barred by the statute of limitations. Finally, it contends that plaintiff is unable to prove any damages arising from the breach of the CBA.

In considering the defendant's motion for summary judgment, the court must examine all the evidence in the light most favorable to the plaintiff. *Barber v. General Electric Co.,* 648 F.2d 1272, 1276 n. 1 (10th Cir.1981). Summary judgment is proper only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Under this rule, the initial burden is on the moving party to show the court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The moving party's burden may be met when that party identifies those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2553.

Once the moving party has met these requirements, the burden shifts to the party resisting the motion. The non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552. The party resisting the motion "may not rest upon the mere allegations or denials of his pleadings ..." to avoid summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The mere existence of a scintilla of evidence will not avoid summary judgment; there must be sufficient evidence on which a jury could reasonably find for the nonmoving party. *Id.* at 251, 106 S.Ct. at 2512 (quoting *Improvement Co. v. Munson,* 81 U.S. (14 Wall.) 442, 448, 20 L.Ed. 867 (1872)).

Plaintiff is employed at the defendant's plant in Topeka, Kansas. Each employee of the defendant is classified by the job he performs. Many employees, however, are qualified to do more than one job. In the CBA which was in effect from February 18, 1989 to February 17, 1992, the defendant and the union established a procedure for distributing overtime to the employees. The agreement provides as follows:

*Section 6.* When overtime work is required, the Company will endeavor to distribute overtime as equally as possible over a reasonable period of time, among employees within a job classification in the department on the shift affected. Overtime records will be posted daily.

a) Overtime will first be offered to the employee in the classification with the least number of charged overtime hours.

b) Overtime may be refused by an employee, but such refused overtime in the employee's classification will be considered as time worked for the purpose of computing charged overtime hours.

c) In the event that all employees in the classification that were entitled to be offered the overtime have declined it, the overtime will be offered to qualified employees outside the classification who are on a list to work that overtime. The Company will offer the overtime to the employee on the list who has worked the least number of hours in the classification. However, employees cannot refuse to work overtime within their classification and accept overtime outside their classification for the same period of time.

d) If no employee has volunteered to work the overtime by the above method, the Company may require employee(s) in the classification to work the overtime. The order of requiring overtime will be by reverse seniority of employees in the classification as listed on the seniority list. After the employee has worked required overtime under this subsection, his name will go to the bottom of the list. Each employee in turn, will move from top to bottom as he performs the required overtime.

e) Company will exert every effort to notify employees of any overtime as far in advance as possible. No overtime will be considered as scheduled weekend overtime unless notice is posted by 2:00 p.m. Thursday of that particular week.

f) When an employee enters a classification during the calendar year, either by transfer, assignment, or completion of probationary period, he shall be charged with the average hours of charged overtime year to date on the shift to which he is assigned.

g) In the event an employee is not offered overtime he was entitled to due to an error, he will be offered available overtime that he is qualified for providing he has notified his supervisor within two (2) working days of the incident. If the employee is not offered the available overtime as described above, he will be made whole.

The CBA also provides a grievance procedure for resolving any disputes that arise concerning interpretations or application of the agreement. The agreement provides for a four-step internal grievance procedure. If the matter remains unresolved at that time, then either party shall notify the other of its intent to submit the dispute to an impartial arbitrator. Failure to seek arbitration constitutes waiver of the grievance. Each step contains certain time limits, but these periods may be waived by mutual agreement between the parties with the waiver in writing.

During the existence of the CBA, there were a number of grievances filed concerning the application of the overtime provisions. On October 22, 1990, plaintiff filed a grievance directed at the distribution of overtime. He contended that the defendant was not providing equal opportunities to out-of-classification employees. The grievance was denied at Step One review. The union then sought Step Two review, which was also denied. Step Three review was then sought by the union. The events that occurred thereafter are somewhat in dispute. The records show a Step Three review on January 11, 1991, which indicates the following response by the defendant: "Per agreement, a procedure for out of classification overtime has been established." There is no dispute that on January 9, 1991, while plaintiff's grievance was pending, the defendant and the union reached an agreement designed to alleviate the cumbersome nature of implementing the out-of-classification overtime provisions. This agreement provided that a sign-up sheet would be posted by the defendant for employees who wanted to work out-of-classification overtime. This was designed to allow supervisors to go directly to employees who desired such work. Plaintiff contends the

union sought Step Four review on March 18, 1991. Defendant agrees that the union sought such review, but asserts the appeal time had expired. A subsequent memo written by a representative of the defendant on February 17, 1992 indicates that "the Union has withdrawn this grievance." This memo was written after the filing of this lawsuit. This action was filed on February 3, 1992, after plaintiff had a conversation with his union representative who advised plaintiff that his grievance was likely to be resolved shortly in view of the desire of the defendant and the union to dispose of all pending grievances prior to entering into a new contract.

Defendant contends that the court lacks jurisdiction to consider plaintiff's claim because plaintiff has failed to exhaust the procedural requirements for settling disputes established by the CBA. Plaintiff does not deny that he failed to exhaust, but contends that he was excused from the exhaustion requirement because to do so would have been futile.

There are two types of suits under § 301(a): (1) a "straightforward" § 301 claim in which the employee asserts that his employer has breached the CBA, see Smith v. Evening News Ass'n, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962); and (2) a "hybrid § 301/fair representation claim," in which the employee asserts that his employer breached the CBA and that his union breached its duty of fair representation in failing to prosecute his claim, see Vaca v. Sipes, 386 U.S. 171, 186, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967). Here, plaintiff is attempting to assert a "straightforward" claim since he has admitted that he is not alleging inadequate union representation.

■■■ An employee can only sue under § 301 if he has exhausted the exclusive grievance and arbitration procedures provided in the CBA. Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 563, 96 S.Ct. 1048, 1055–56, 47 L.Ed.2d 231 (1976); United Food & Commercial Workers, Local Union No. 7R v. Safeway Stores, Inc., 889 F.2d 940, 944 (10th Cir.1989). If an employee fails to utilize the contractual procedures for settling his dispute with his employer, his independent suit in the district court must be dismissed. Re-

public Steel Corp. v. Maddox, 379 U.S. 650, 652–53, 85 S.Ct. 614, 616–17, 13 L.Ed.2d 580 (1965). The exhaustion requirement is, however, "subject to a number of exceptions for the variety of situations in which doctrinaire application of the exhaustion rule would defeat the overall purposes of federal labor relations policy." Glover v. St. Louis–San Francisco Railway Co., 393 U.S. 324, 329–30, 89 S.Ct. 548, 551, 21 L.Ed.2d 519 (1969). The only exception articulated by the plaintiff is the "futility" exception.

In Glover, the Supreme Court held that judicial review of employees' claims would not be barred where resort to contractual or administrative remedies would be wholly futile. 393 U.S. at 330–31, 89 S.Ct. at 551–52. The facts underlying a finding of futility have varied. See, e.g., Glover, 393 U.S. at 331, 89 S.Ct. at 552 (plaintiffs alleging race discrimination need not exhaust where facts show repeated complaints and allegations of conspiracy between union and employer); United States Local 307 v. G & M Roofing Sheet Metal Co., 732 F.2d 495 (6th Cir.1984) (plaintiffs need not exhaust where employer did not accept grievance and arbitration procedures as binding); Schultz v. Owens–Illinois Inc., 696 F.2d 505, 512 (7th Cir.1982) (plaintiffs need not exhaust where another employee asserting identical contention as plaintiffs was rejected by employer pursuant to grievance process). In Fizer v. Safeway Stores, Inc., 586 F.2d 182, 183 (10th Cir.1978) and Imel v. Zohn Mfg. Co., 481 F.2d 181, 184 (10th Cir.1973), cert. denied, 415 U.S. 915, 94 S.Ct. 1411, 39 L.Ed.2d 469 (1984), the Tenth Circuit noted that in order to succeed with such a claim, plaintiff must make a "clear and positive showing of futility."

In support of his futility argument, plaintiff points to various grievances that were filed by other employees during the existence of the CBA. Plaintiff suggests that these grievances demonstrate that the defendant refused to follow the dictates of the CBA on the administration of overtime. Plaintiff notes that even though many of the grievances were granted with the defendant agreeing to follow the terms of the CBA, the defendant failed to implement the resolution of these grievances and continued to avoid

the requirements of the contract as it related to overtime.

The court finds that the record in this case fails to demonstrate a "clear and positive showing of futility." The record does reveal a problem with the administration of the overtime procedures at the defendant's plant in Topeka. Nevertheless, the record does not demonstrate that resort to the grievance process was a useless endeavor. The record contains twenty-two grievances which were filed concerning overtime disputes during the existence of the CBA. Of these grievances, sixteen were filed prior to the submission of the plaintiff's grievance. Most of the grievances involved complaints by employees who were forced to work overtime, contending that the defendant failed to seek out-of-classification employees before forcing them to work overtime. These grievances were generally resolved in favor of the employee with the defendant agreeing to follow the contract or to remove a disciplinary letter from the employee's file. On several occasions when the defendant agreed to follow the dictates of the CBA, the defendant also agreed to institute new procedures to alleviate the overtime administration problems. In each instance, the union was agreeable to the resolution adopted by the defendant.

The court has found only two grievances that were filed prior to the plaintiff's grievance where individual employees complained that they were not offered out-of-classification overtime. These complaints were resolved favorably to the employee with agreements to provide additional compensation or with the opportunity to perform the next available overtime. A plant-wide grievance concerning out-of-classification overtime was also filed prior to the filing of the plaintiff's grievance. This grievance was resolved by the defendant agreeing to review the out-of-classification list of employees willing to work overtime and adding all qualified employees. Of the five grievances filed after plaintiff's grievance, only one involved a complaint similar to that of the plaintiff. This grievance was resolved by providing the complaining employee with additional compensation. This record hardly shows a "clear and positive showing of futility." Rather, the record demonstrates that employees who filed grievances with complaints similar to the plaintiff gained favorable resolutions. The individual employees who filed complaints were awarded compensation or other benefits. The facts here are significantly different from those cases in which the courts found that resort to contractual or administrative remedies would be wholly futile.

At oral argument on the instant motion and in a recently filed supplemental memorandum, plaintiff relies upon *Bonser v. Safeway, Inc.*, 809 F.Supp. 799 (D.Colo.1992) for support of his futility argument. The court finds plaintiff's reliance upon *Bonser* misplaced. In *Bonser*, the court was concerned with a claim for breach of a settlement agreement. The issue addressed by the district court was whether plaintiff must file another grievance to enforce an earlier settled grievance before asserting a § 301 claim in federal court. The court determined that it was not necessary for plaintiff to engage in this additional exhaustion of contractual remedies where management has demonstrated an intent not to honor the settlement. 809 F.Supp. at 802–03. This case has no application here since plaintiff is not asserting a breach of settlement agreement claim. In fact, plaintiff has specifically denied that a settlement was reached with the defendant during the grievance process. Moreover, there is no specific allegation in the amended complaint that plaintiff was denied out-of-classification overtime after the alleged settlement. Accordingly, we do not find the lessons of *Bonser* applicable here.

In sum, the court finds that plaintiff has failed to demonstrate a clear and positive showing of futility. The defendant is therefore entitled to summary judgment on the basis of its argument that the court lacks subject matter jurisdiction due to the plaintiff's failure to exhaust the grievance requirements of the CBA.

Having reached a decision based on the defendant's first argument, the court need not consider the remaining arguments articulated by the defendant. The court shall enter summary judgment for the defendant.

**IT IS THEREFORE ORDERED** that defendant's motion for summary judgment be

hereby granted. The court lacks subject matter jurisdiction in this case due to plaintiff's failure to exhaust the grievance requirements of the collective bargaining agreement. This case is hereby dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**