25 F.3d 1056
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Terry COX, Plaintiff-Appellant,
v.
ESSEX GROUP, INC., Defendant-Appellee.
 No. 93-3371.
 United States Court of Appeals, Tenth Circuit.
 June 8, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Terry Cox (Cox) brought suit against his employer, Essex Group, Inc. (Essex), under 301 of the Labor-Management Relations Act, 29 U.S.C. 185. Cox alleged that Essex had violated the terms of the collective bargaining agreement by failing to offer him the opportunity to work overtime. Essex moved for summary judgment, arguing, among other things, that the court lacked jurisdiction because Cox failed to exhaust the grievance and arbitration procedures outlined in the collective bargaining agreement. Cox admitted he failed to exhaust, but argued exhaustion should not be required because it would have been futile for him to follow the collective bargaining agreement's procedures for settling disputes. Granting summary judgment to Essex, the district court found that it lacked jurisdiction due to Cox's failure to exhaust and that Cox had not made a clear and positive showing that exhaustion would have been futile. Cox appeals. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 3
 We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court, Fed.R.Civ.P. 56(c). Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.), cert. denied, 113 S.Ct. 635 (1992). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c).
 
 
 4
 Generally, exhaustion of a collective bargaining agreement's grievance and arbitration procedures is a prerequisite to an employee's suit under section 301 of the Labor-Management Relations Act. Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 563 (1976). An employee need not exhaust, however, if "the effort to proceed formally with contractual or administrative remedies would be wholly futile." Glover v. St. Louis-San Francisco Ry., 393 U.S. 324, 330 (1969). To prove exhaustion would be futile, this circuit has required a "clear and positive showing of futility." Fizer v. Safeway Stores, Inc., 586 F.2d 182, 183 (10th Cir.1978)(quotation omitted).
 
 
 5
 Here, the collective bargaining agreement provides that complaints and disputes about interpretation or application of the agreement's terms must be settled through a four-step internal grievance procedure. Appellant's App. at 173-74. If the grievance remains unresolved after step four, either party can submit the dispute to an impartial arbitrator. The record shows that the union failed to elevate the grievance to step four because its appeal of Essex's step-three response was untimely. Id. at 20. Cox does not deny that the union failed to elevate his grievance to step four. Id. at 5. He claims on appeal, however, that the evidence submitted to the district court demonstrates that exhaustion of the grievance procedure would have been futile.
 
 
 6
 As Cox points out, the record contains numerous grievances from employees who, like Cox, complained that Essex was not complying with the collective bargaining agreement's terms regarding overtime procedures. Far from demonstrating that Essex refused to change its practices regarding overtime, however, the record shows that Essex strove to improve its implementation of the overtime procedures. We fully agree with the district court's characterization of the grievances found in the record. As the district court stated, resort to the grievance process was hardly "a useless endeavor." Id. at 8. Instead, "the record demonstrates that employees who filed grievances with complaints similar to the plaintiff gained favorable resolutions. The individual employees who filed complaints were awarded compensation or other benefits." Id. at 9.
 
 
 7
 Finally, contrary to the argument made by Cox, the dispute over whether his grievance was settled does not preclude summary judgment. Even assuming his grievance was settled, Cox could not demonstrate futility under Bonser v. Safeway, Inc., 809 F.Supp. 799 (D. Colo.1992), the case upon which he relies, because he has not asserted that Essex breached his settlement agreement. We recognize that Cox asserted that Essex repeatedly has breached settlements of grievances filed by other employees. However, as to the other employees, the record simply does not show a wholesale failure by Essex to implement the grievance settlements, the kind of showing that supported the futility finding in Bonser, 809 F.Supp. at 801-03.
 
 
 8
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470