**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

FRED RANDO,

      Plaintiff-Appellant,

v.

STANDARD INSURANCE
COMPANY,

      Defendant-Appellee.

No. 98-3166
(D.C. No. 96-CV-1153)
(D. Kan.)

---

**ORDER AND JUDGMENT** [*]

---

Before **BRORBY** , **EBEL** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  Therefore, appellant's request for oral argument is denied and the case is ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appellant Fred Rando brought suit in Kansas state court against defendants Standard Insurance Company and Kaneb Services, Inc.,[1] alleging that defendants wrongfully suspended his disability benefits under a policy issued to his employer, Kaneb Services, Inc. Defendants removed the action to federal district court alleging federal question jurisdiction under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461.

Standard filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that plaintiff had failed to exhaust his administrative remedies. Plaintiff then filed a response in opposition to Standard's motion to dismiss and a motion for summary judgment. Standard also filed a motion for summary judgment, and plaintiff responded. The district court granted Standard's motion to dismiss due to plaintiff's failure to exhaust his administrative remedies, and denied the parties' respective motions for summary judgment as moot.

On appeal, plaintiff alleges that (1) there were no plan remedies to exhaust; (2) Standard did not provide plaintiff with adequate notice of his right to review; and (3) exhaustion of administrative remedies should be waived as futile. We exercise jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[1] The district court granted Standards' motion to dismiss Standard Kaneb Services, Inc. with prejudice. Plaintiff does not appeal this decision.

## I. Background

In 1987, plaintiff suffered an on-the-job injury to his back while employed by Kaneb. Although plaintiff continued to work while recovering from the injury, in 1992, his physician, Dr. Forney Flemming, restricted him from lifting more than fifty pounds or doing more than ten repetitive twists per hour, and opined that plaintiff had a ten percent permanent impairment. Later in 1992, Dr. Flemming stated that plaintiff was unable to do his previous job as described.

It appears that plaintiff was receiving long term disability benefits under the Standard disability policy issued to Kaneb. By letter dated December 6, 1995, Standard informed plaintiff of its decision to discontinue his long term disability benefits due to its determination that plaintiff no longer met the definition of disabled under the policy. The concluding paragraphs of the letter informed plaintiff of the following review rights:

> Your claim will be closed for the reasons outlined above. You may ask that we review your claim and this decision by contacting us. We would then review your claim, as well as any additional information you wish to submit.
>
> . . . .
>
> If you request a review it would be helpful for you to provide information supporting that your limitations and restrictions are greater than those understood by Standard or documentation that you are unable to perform the full-time work alternatives we have identified.

. . . .

> Please consult your Certificate of Insurance or Summary Plan document for a description of your rights under the terms of the Kaneb Services Inc. group policy.

Appellant's App. at 39-40. Plaintiff did not seek review by Standard, but instead filed this suit.

## II. Discussion

### A. Standard of Review

Standard urges that because the district court considered facts and matters outside the four corners of its Rule 12(b)(6) motion, this court should review the district court's disposition in this case as a ruling on summary judgment rather than a dismissal under Rule 12(b)(6). Neither party, however, argued to the district court that the Rule 12(b)(6) motion should have been converted to a motion for summary judgment under Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(b). Generally, we would consider an issue not raised to the district court as waived. *See Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721 (10th Cir. 1993). Here, however, both parties filed motions for summary judgment with supporting affidavits and documents, thus satisfying the requirement that the parties be given an opportunity to present all material pertinent to a Rule 56 summary judgment motion. *See* Fed. R. Civ. P. 12(b). Therefore, "[a]lthough the district court opinion disposes of the action as a motion to dismiss, we must review the record

-4-

under summary judgment standards since the order makes reference to documents outside of the pleadings." *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986).

We review a district court's grant of summary judgment de novo, applying the same legal standard used by the district court. *See Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the evidence, and all reasonable inferences therefrom, in the light most favorable to the nonmoving party. *See Byers*, 150 F.3d at 1274.

**B. No plan remedies to exhaust**

Initially, plaintiff argues that Standard did not offer any remedies that require mandatory exhaustion. Plaintiff cites to *Held v. Manufacturers Hanover Leasing Corp.,* 912 F.2d 1197, 1205 (10th Cir. 1990), in which, as plaintiff contends, this court held that "a plaintiff need not exhaust administrative remedies prior to bringing an action under § 510 of ERISA." What plaintiff does not discuss is the difference between a § 510 action brought to enforce a statutory right under ERISA and an action, such as his, brought under 29 U.S.C.

§ 1132(a)(1)(B) to recover benefits under a plan. Had plaintiff read further in our decision in *Held,* he would have chanced upon the holding, which is dispositive here, that "exhaustion of administrative (i.e., company- or plan- provided) remedies is an implicit prerequisite to seeking judicial relief." *Id.* at 1206; *see also Gaylor v. John Hancock Mut. Life Ins. Co.*, 112 F.3d 460, 467 (10th Cir. 1997). We further stated that "[i]f the rule were otherwise, lawsuits likely would be–and should be–dismissed for lack of ripeness." *Held*, 912 F.2d at 1206.

ERISA does not address whether exhaustion of administrative remedies is a prerequisite to bringing a civil suit for recovery of benefits. We are not alone, however, in reading an exhaustion of plan remedies requirement into the statute. *See Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 418 n.4 (6th Cir. 1998) (listing other circuit decisions). Plaintiff argues that Standard's plan provisions only create a right of review, but do not make this review a predicate act to bringing suit. This assertion, even if true, is irrelevant in light of the clear, judicially-created prerequisite of exhaustion. Therefore, plaintiff's argument that he did not have to exhaust administrative remedies because Standard's plan did not require exhaustion is without merit.

## C. Inadequate Notice and Futility

"'Because ERISA itself does not specifically require the exhaustion of remedies available under pension plans, courts have applied this requirement as a

matter of judicial discretion.'" *McGraw v. Prudential Ins. Co. of Am.*, 137 F.3d 1253, 1263 (10th Cir. 1998) (quoting *Communications Workers of Am. v. AT&T*, 40 F.3d 426, 432 (D.C. Cir. 1994)). District courts have waived exhaustion (1) when appeal to the review process would be futile, or (2) when the plan remedy is inadequate. *See id.*

Plaintiff asserts that Standard's notice of plan remedies was inadequate because Standard did not advise him that seeking further review was a prerequisite to seeking judicial relief. He contends that Standard's failure to advise him of his responsibility to seek review caused him to pursue a detrimental course of action. Plaintiff does not, however, cite this court to any authority which states that Standard must provide this information, nor did we find any such authority in the course of our independent research.

In its letter advising plaintiff that his disability benefits were being discontinued, Standard advised plaintiff of his right of review and made certain suggestions regarding what information would be helpful to submit on review. It also referred plaintiff to the review provisions of the plan. The pertinent policy provision provides:

> You have a right to a review of any denial by STANDARD of all or any part of your claim. To obtain a review, you should send a written request for review to STANDARD within 60 days after you receive notice of the denial. No special form is required.

As a part of your request for review, you may submit issues and comments in writing and provide additional documentation in support of your claim. You may review pertinent documents related to your request for review.

Appellant's App. at 142.

The district court, acknowledging an exception to exhaustion when "the plan does not provide meaningful access to administrative procedures," examined Standard's letter of termination of benefits and the applicable plan provisions. *Id.* at 155-56. The court concluded that plaintiff received adequate, understandable notice of Standard's review procedures and a full copy of the plan summary containing the review procedure provisions. Following our de novo review of the record, we agree with the district court that Standard's notice complied with 29 C.F.R. § 2560.503-1(f), [2] and was therefore adequate.

---

[2] 29 C.F.R. § 2560.503-1(f) provides:

(f) *Content of notice* . A plan administrator or . . . the insurance company, insurance service, or other similar organization, shall provide to every claimant who is denied a claim for benefits written notice setting forth in a manner calculated to be understood by the claimant:

. . . .

(4) Appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review.

Finally, plaintiff argues that it would have been futile for him to seek review in this case. He contends that "further review by the same biased and not disinterested party would not result in an objective review by an unbiased finder of fact," and therefore exhaustion of plan remedies should be excused. Appellant's Br. at 23.

We agree with the Seventh Circuit's approach to evaluating a claim of futility and hold that in order to satisfy the futility exception to the exhaustion requirement, plaintiff must establish that "it is certain that [his] claim will be denied on appeal, not merely that [he] doubts that an appeal will result in a different decision." *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996) (quotation omitted). Here, plaintiff's claim of futility is based solely on supposition. He contends that because his internal review would have been conducted by the same administrators who decided to terminate his benefits, the outcome on review would be the same. Again we align with the Seventh Circuit's rationale, and adopt its holding that "the fact that the individual named defendants would be the people reviewing the plaintiffs' administrative appeals is not enough to relieve plan participants of the duty to exhaust remedies." *Ames v. American Nat'l Can Co.*, 170 F.3d 751, 756 (7th Cir. 1999); *cf. Fizer v. Safeway Stores, Inc.*, 586 F.2d 182, 183-84 (10th Cir. 1978) (holding that the success of a claim of futility in a failure to exhaust administrative remedies in a wrongful discharge

action under the Labor Management Relations Act, 29 U.S.C. § 185, requires a "clear and positive showing of futility" (quoting *Imel v. Zohn Mfg. Co.*, 481 F.2d 181, 184 (10th Cir. 1973)).

Here, plaintiff never requested further review of his claim, and we agree with the district court that his bare allegations of deficient notice and futility are unpersuasive and insufficient to establish that review would not have been fair and unbiased. Therefore, the district court's grant of summary judgment on plaintiff's claims was correct. The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge